McCLOSKEY, Appellant, v. THE PULITZER PUB-
LISHING COMPANY.

Division Two, May 21, 1901.

1. **Libel: DIVORCED WIFE AS WITNESS.** In a libel suit by a husband
against a newspaper, based on a publication of family difficulties,
the wife, who has been divorced since the publication was made,
is a competent witness.

2. **New Trial: MOTION: CARRIED OVER TO NEXT TERM: EXCESSIVE VER-
DICT.** Where the motion for a new trial in a libel suit assigns as
one of the grounds therefor that "the verdict was wholly unwarranted
by the testimony," and the motion, undisposed of, is carried over
to the next term, the court has authority at such term to sustain
such motion, on the ground that the verdict is excessive, since if the
verdict was unwarranted by the evidence it was excessive. So, also,
is the ground of excessive damages covered by an assignment that
"there was no evidence whatever authorizing the verdict for com-
pensatory damages, and that the verdict should have been for nom-
inal damages only," and that "there was no evidence whatever to
support the verdict for punitive damages," and that "the verdict
was against the law and the evidence."

3. ———: **EXCESSIVE DAMAGES: INTERFERENCE.** Appellate courts are
slow to grant new trials upon the ground that verdicts are excessive.
On the other hand, they defer largely to the action of the trial
court with respect to such matters, and an order granting a new
trial on the ground of excessive damages is rarely reversed.

4. ———: ———: **TRIAL COURT'S DISCRETION.** The duty of setting
aside a verdict on the ground of excessiveness rests almost entirely
within the province of the trial court, and the appellate court will
not interfere with the exercise of such discretion unless it appears
to have been unreasonably or arbitrarily exercised.

5. ———: ———: ———: **LIBEL.** The plaintiff in a libel suit against
a newspaper recovered judgment for $4,500 compensatory and $2,056
punitive damages, for the publication of a statement made by a wife

McCloskey v. Pulitzer Pub. Co.

concerning her husband who was being sued by him for divorce, in which she charged that he did not give her and her children enough to eat or decent clothes to wear. The wife and her daughter testified that the statement was published as she made it, and she and her children that it was true, but there was evidence to the contrary. There was no evidence that the publication was made in malice or recklessly, nor was there any evidence or claim of actual or punitive damages. *Held*, that there is nothing in the case to authorize the appellate court to interfere with the action of the trial court in granting a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*Charles & Lackey* for appellant.

(1) That the verdict is excessive is not one of the grounds for a new trial found in defendant's motion. It was, however, argued orally and in defendant's brief, almost to the exclusion of any other point, and the court, of its own motion, sustained the same, but at a subsequent term. The trial court may, during the same term the verdict is rendered, set it aside for any valid reason, whether included in the motion for a new trial or not, the whole matter being still in the breast of the court. Smith v. Perkins, 124 Mo. 53. But after the term, the court has no jurisdiction or authority to pass on any questions except such as may have been carried over to a subsequent term by motion for a new trial. State ex rel. v. Adams, 84 Mo. 316; Baughman v. Nat. Waterworks Co., 58 Mo. App. 580; Clement v. Barnes, 6 S. Dak. 485; 1 Hayne on New Trials, sec. 10, p. 50. (2) The verdict for $6,558 was not excessive; defendant's motion for a new trial should have been overruled; and plaintiff should not have been ordered to remit $3,000. Buckley v. Knapp, 48 Mo. 152;

Courtney v. Blackwell, 150 Mo. 245; Wilson v. Fitch, 41 Cal. 363; Mitchell v. Bradstreet, 116 Mo. 226; Callahan v. Ingram, 122 Mo. 355; MacLean v. Scripps, 52 Mich. 214; Malloy v. Bennett, 15 Fed. Rep. 376; Bryce v. Rusden, 2 Times, L. R. 435; Woodgate v. Ridout, 4 F. & F. 202; Times Pub. Co. v. Carlisle, 94 Fed. Rep. 762; Young v. Fox, 49 N. Y. Supp. 634; s. c., 26 App. Div. N. Y. 261; Belt v. Lawes, 53 L. J. R. Q. B. 249; s. c., 12 Q. B. Div. 356; Fry v. Bennett, 4 Duer, 247; s. c., 28 N. Y. 324; Gibson v. Cincinnati Enquirer, 2 Flippin (U. S.), 121; Townshend on Slander and Libel (4 Ed.), sec. 293, p. 524 and note 5; Malloy v. Bennett, 15 Fed. Rep. 376; Wilson v. Fitch, 41 Cal. 386; 1 Graham on New Trials, p. 426; Hollenbeck v. Railroad, 141 Mo. 112. (3) It is peculiarly within the province of the jury to determine the actual damages sustained in a libel case, and therefore to fix the amount of compensatory damages. (a) No actual pecuniary damage need be proved. Price v. Whiteley, 50 Mo. 439; King v. Sassman (Tex.) 54 S. W. 305; Arnold v. Sayings Co., 76 Mo. App. 184; McCloskey v. Pulitzer Co., 152 Mo. 347. (b) The jury are the sole judges of the amount of punitive damages to be allowed. Times Pub. Co. v. Carlisle, 94 Fed. Rep. 762; Nicholson v. Rogers, 129 Mo. 141, 142. (c) When the falseness of the libel is proven it is generally sufficient to warrant the jury in giving exemplary damages. Bergman v. Jones, 94 N. Y. 51, cited in Callahan v. Ingram, 122 Mo. 372; Ferguson v. Chronicle Pub. Co., 72 Mo. App. 467. (d) Refusal to retract after request to do so is good reason to increase the amount of damages. Arnold v. Sayings Co., 76 Mo. App. 184; Times Pub. Co. v. Carlisle, 94 Fed. Rep. 762; and cases, supra.

*Frederick N. Judson* and *J. Clarence Taussig* for respondent.

(1)   It is the peculiar and special duty of trial courts to grant new trials where the verdict is arbitrary, or manifestly and clearly wrong, or where it appears that the verdict was the result of passion, prejudice or misconduct on the part of the jury.   Chouquette v. Railroad, 152 Mo. 257; Burdict v. Railroad, 123 Mo. 221; Reid v. Ins. Co., 58 Mo. 421; Price v. Evans, 49 Mo. 396; Lockwood v. Ins. Co., 47 Mo. 50; Woolfolk v. Tate, 25 Mo. 597.   (2)   The granting of a new trial rests peculiarly within the province of the trial court, in the determination of which it has a large discretion, and the appellate court will not interfere with the exercise of that discretion unless it plainly appears that it has been arbitrarily or unreasonably exercised.   Chouquette v. Railroad, supra; Lee v. Knapp & Co., 137 Mo. 385; Parker v. Cassingham, 130 Mo. 348; Bank v. Wood, 124 Mo. 72; Kuenzel v. Stevens, 155 Mo. 280.   And it has been held that the appellate court will review the trial court's discretion more freely, when that court has refused, than when it has granted a new trial.   Enson v. Smith, 57 Mo. App. 584; Powell v. Railroad, 59 Mo. App. 335.   (3)   The discretion of the trial court will not be interfered with solely for the reason that the appellate court might in the premises have arrived at a different result.   To authorize such a step, it should plainly appear that injustice has been done; that the lower court has acted arbitrarily.   Faber v. Bruner, 13 Mo. 541; Griffin v. Veil, 56 Mo. 310; Eidemiller v. Kump, 61 Mo. 340.   (4)   The rule that a verdict will not be disturbed where the evidence is conflicting, applies only to appellate courts which have no opportunity of seeing the witnesses and hearing the evidence. It has no application to trial courts, whose imperative duty it is to review the evidence and set aside the verdict if not satisfied with it.   McKay v. Underwood, 47 Mo. 185; Reed v. Ins. Co., 58 Mo. 421; Bank v. Armstrong, 92 Mo. 265; State

v. Young, 119 Mo. 495; Lawson v. Mills, 130 Mo. 170; Kuenzel v. Stevens, 155 Mo. 280. (5) The award by a jury of excessive or inadequate damages as a ground for a new trial is but a branch of the more general ground that the verdict is contrary to the evidence, for it is evident that if the damages be either excessive or too small, the verdict must be contrary to the evidence. 14 Am. and Eng. Ency. of Pleading and Practice, 755; 4 Minor's Inst., 757; Bennett v. Hobro, 72 Cal. 178; De Brutz v. Jessup, 54 Cal. 118. (6) The trial court should not show undue delicacy and restraint in the exercise of its power to grant a new trial; for a refusal to grant a new trial would deprive defendant of all remedy, for an appellate court would defer to the opinion of the trial judge. Burnish v. Railroad, 102 Mo. 438; Coal & Mining Co. v. Stoop, 56 Kan. 426; Fornice v. Casassa, 101 Cal. 411; Dewey v. Railroad, 31 Iowa, 373. See Franklin v. Fisher, 51 Mo. App. 345, for an extreme illustration of the injustice which may result from the refusal of the trial court to do its duty in granting a new trial. (7) That the verdict ($4,500 compensatory, and $2,058 punitive damages), was grossly excessive, is clearly illustrated by the rulings of different courts, in libel and slander cases, setting aside verdicts as excessive. Haight v. Hoyt, 50 Conn. 583; Peterson v. Tel. Co., 65 Minn. 18; Turton v. N. Y. Recorder, 3 Misc. Rep. (N. Y.), 314; affirmed 144 N. Y. 144; Holmes v. Jones, 3 N. Y. Supp. 156; Davey v. Davey, 50 N. Y. Supp. 161; Libbey v. Towle, 90 Me. 262; Cummings v. Line, 18 N. Y. Supp. 469; affirmed 138 N. Y. 675; Holmes v. Holmes, 64 Ill. 294; Freeman v. Tinsley, 50 Ill. 498; Shoaff v. Funk, 73 Ill. App. 550; affirmed 182 Ill. 224; White v. Newcomb, 49 N. Y. Supp. 704; Peterson v. Tel. Co. (Minn.), 77 N. W. 985; Pratt v. Pioneer Press Co., 30 Minn. 41; Nelson v. Wallace, 48 Mo. App. 193; McHee v. Baumbartner (Mich.), 80 N. W. 21; Sher-

wood v. Kyle (Cal.), 58 Pac. Rep. 270; Simpson v. Pitman, 13 Ohio 365; Kern v. Bridwell, 119 Ind. 226; Drum v. Gessnum (Kan.), 49 Pac. Rep. 78; Smith v. Times Co., 4 Pa. Dist. Rep. 399; reversed 178 Pa. St. 481; Nunally v. Taliafero, 82 Tex. 286; Henry v. Moberly (Ind.), 51 N. E. 497; Crandle v. Buell, 6 Ohio, 67; Newell on Slander and Libel (2 Ed.), p. 912. Where fifty-six verdicts are set out, of which only two larger than in the case at bar were sustained. Callahan v. Ingram, 122 Mo. 355; Times Publishing Co. v. Carlisle, 94 Fed. Rep. 762; Mitchell v. Bradstreet, 116 Mo. 226; Buckley v. Knapp, 48 Mo. 152; Courtney v. Blackwell, 150 Mo. 285, compared to same case under title of Hancock v. Blackwell, 139 Mo. 440.

BURGESS, J.—This is an appeal from an order of the trial court setting aside a verdict and judgment in favor of plaintiff for $6,558; $4,500 compensatory and $2,058 punitive damages.

The case was before this court at the October term, 1899, and a judgment in favor of defendant was reversed and the cause remanded, on the ground that the trial court erred in refusing to give an instruction defining libel in accordance with the statute. The case will be found reported in 152 Mo. 339.

The facts disclosed upon the last trial were substantially the same as upon the first, about the only difference being that plaintiff testified in his own behalf on the last trial as to his family differences, while his wife, who had in the meantime been divorced and thereby made a competent witness, testified in behalf of defendant, as did also the two sons of plaintiff.

The evidence of defendant showed that Mrs. McCloskey, the wife of the plaintiff, having seen the article in the Post-

Dispatch entitled, "A Question. of Finance," was desirous that the paper should publish her side of the controversy between her husband and herself. Thereupon, accompanied by her daughter, she called at the office of the Post-Dispatch, and in the presence of her daughter, told to the reporter that which was credited to her in the alleged libelous article. Miss Annie McCloskey, the daughter, testified that the interview with her mother published in the article complained of was substantially as Mrs. McCloskey had given it to the reporter.

The evidence shows that the article, so far as it related to the pending of a divorce suit and the state of feeling between the husband and wife, was true.

As to the adequacy of the support of his wife and seven children, the only evidence for the plaintiff was his own testimony; while he was directly contradicted by four witnesses, his two sons, his daughter and his wife.

The plaintiff was at the head of a large establishment, the St. Louis Carbonating Company, and worth about $100,-000, yet, according to the evidence, his wife was obliged to wear heavy clothing in July, and to go without suitable shoes. Their son, John McCloskey, testified that on one occasion he went to his father to get money to buy a pair of shoes for his mother, and he refused to give it to him, saying that he was through buying shoes and clothes or anything else for her.

The younger children were poorly clad and by reason thereof seldom appeared upon the street.

The evidence upon the part of the plaintiff tended to show to the contrary, and that he provided fairly well for his family. But both Mrs. McCloskey and her daughter testified that the article was true.

Mrs. McCloskey testified that her husband gave her six or seven dollars a week for meat, "and made me spend nearly all of it on Sunday to support him." And that they only had

lots to eat when he had company. Both Mrs. McCloskey and her daughter, Annie, testified that they did not get enough to eat.

There was no evidence of actual malice or recklessness. On the contrary, good faith was affirmatively shown. Mr. Underwood, who was city editor at the time the article was published, offered plaintiff the use of the paper's columns for the publication of any statement he cared to make in refutation of his wife's statement.

There was no evidence or claim of actual or pecuniary damages. As to the mental suffering or mortification of plaintiff, it appeared that the domestic troubles of the McCloskey family had been previously ventilated in the St. Louis newspapers, on account of the divorce proceedings.

On the twelfth day of March, 1900, and within four days after verdict, defendant filed its motion to set aside the verdict and for a new trial, and among others as grounds therefor assigned the following.

"First. The verdict was wholly unwarranted by the testimony, and the jury in making the same was influenced either by prejudice or passion, or both.

"Second. There was no evidence whatever for the award of compensatory damages, there being no evidence whatever of any damages having been sustained by plaintiff from the publication complained of, and the verdict should have been for nominal damages only.

"Third. There was no evidence whatever to support the finding for punitive damages, it being admitted that the publication was, in substance, the statement of the wife of plaintiff, and there was no evidence of any malice or bad faith in publishing same.

"Fourth. The verdict was against the law and the evidence."

And thereafter, at the October term of the said court, on the seventeenth day of October, 1900, the court directed the plaintiff to remit $2,000 of the compensatory damages awarded, and $1,000 of the punitive damages, and ordered that upon plaintiff's entering such remittitur, the defendant's motion for a new trial would be overruled, and that upon plaintiff's failure to enter such remittitur within five days, said motion for a new trial would be sustained. Said order of court is as follows:

"October 17. If plaintiff remits $2,000 of amount of compensatory damages awarded, and $1,000 of punitive damages, within five days, the motion for a new trial will be overruled, otherwise it will be sustained."

To the making of which order directing him to remit said aggregate sum of $3,000, plaintiff then and there duly excepted at the time.

And thereafter, on October 20, 1900, and within five days, and at the same term of court, plaintiff and defendant filed their stipulation granting to plaintiff five days additional within which to enter said remittitur. Said stipulation is as follows:

"It is hereby stipulated between the parties to the above entitled cause, that the time within which the plaintiff may comply with the order of the court, made October 17, 1900, requiring him to remit $2,000 compensatory damage and $1,000 punitive damages, may be extended for a period of five days beyond the period named by the court in its order, to-wit, a total of ten days from the said October 17, 1900."

And thereafter, and within the time so limited by said stipulation, to-wit, on October 26, 1900, and at the same term, plaintiff declined to enter said remittitur.

And thereafter, and at the same term of court, to-wit, on the twenty-ninth day of October, 1900, the court sustained

the defendant's motion for a new trial on the ground that the verdict of the jury was excessive, both as to compensatory and punitive damages. To the making of which said order sustaining defendant's motion for a new trial, the plaintiff then and there duly excepted at the time.

It is said in the first place that excessiveness of the verdict is not one of the grounds for a new trial found in defendant's motion, and that 'while a trial court may, during the same term at which a verdict is rendered, set it aside for any valid reason, whether included in the motion for a new trial or not, the whole matter being still in the breast of the court, it can not do so after the term, because it has no jurisdiction or authority to pass on any question except such as may have been carried over to a subsequent term by motion for a new trial. The motion for new trial, in this case, was carried over from the February term, 1900, to the October term next thereafter, before it was disposed of, and, if excessiveness of the verdict was one of the causes assigned or embraced within the motion it must be conceded that the matter was still in the breast of the court, and that it had jurisdiction of the motion.

There are several grounds assigned in the motion which we think cover that of the excessiveness of the verdict, among which is, "the verdict was wholly unwarranted by the testimony." If the verdict was excessive it was unwarranted by the testimony, because not in accordance therewith. [14 Am. and Eng. Ency. of Pleading and Practice, 755; 4 Minor's Institutes, 757.]

In DuBrutz v. Jessup, 54 Cal. 118, it was said:

"We are of the opinion that, so far as the party, against whom the verdict has gone, depends upon the circumstance that damages have been allowed in too great or too small a sum, he may rely upon the ground that the verdict is not sus-

tained by the evidence. Even when—in the case of excessive damages—he is prepared to show that the excess indicates passion or prejudice, in such case, he may rely upon either one of these two grounds, that the evidence does not sustain the verdict, or that the verdict is the result of passion or prejudice."

So we are of opinion that the ground of excessive damages, as a reason why defendant should be granted a new trial, is covered by the second, third and fourth grounds of defendant's motion for a new trial.

The second ground asserts that there was no evidence whatever authorizing the verdict for compensatory damage, and that the verdict should have been for nominal damages only.

The third ground asserts that there was no evidence whatever to support the verdict for punitive damages.

That is, in both these grounds it is in effect declared that the verdict for compensatory, as well also as for punitive damages, was excessive. It, therefore, logically follows that where the motion for a new trial asserts that the defendant was only entitled to nominal damages, that any damages over and above nominal damages are excessive.

So with the fourth ground, which asserts that the verdict was against the law and the evidence, it is clear that if the damages are excessive, the verdict was against the evidence.

While it is true that appellate courts are very slow to grant new trials solely upon the ground that verdicts are excessive, it is also true, that they defer very largely to the action of the trial courts with respect to such matters, and that a judgment is rarely ever reversed upon the ground of the unwarranted exercise of the power of such courts under such circumstances.

But where it is manifest that a verdict is excessive, the court is remiss in its duty if it does not, upon motion, set it aside and grant a new trial, and this duty rests almost en-

tirely within the province of the trial court, and this court will not interfere with. the exercise of such discretion unless it appears to have been unreasonably or arbitrarily exercised.

In Kuenzel v. Stevens, 155 Mo. 280, it is said:

"There is no more important power for the promotion of justice than that intrusted to the trial court in the matter of granting a new trial. It is a power to be exercised with great care, and no one is so well informed as to how the discretion should be used as the trial judge. It is only when it very clearly appears that a wise discretion has not guided his action, that an appellate court should interfere."

To the same effect are Bank v. Wood, 124 Mo. 72; Parker v. Cassingham, 130 Mo. 348; Lee v. George Knapp & Co., 137 Mo. 385; Chouquette v. Southern Electric Ry. Co., 152 Mo. 257.

Our conclusion is that the court did not err in setting the verdict aside, and in granting a new trial.

The judgment should be affirmed. It is so ordered. *Sherwood, P. J.,* and *Gantt, J.,* concur.