**L. P. MOORE, Plaintiff-Appellant,**

v.

**William H. GLASGOW, Defendant-Respondent.**

No. 8135.

Springfield Court of Appeals.

Missouri.

March 23, 1963.

Motions for Rehearing or to Transfer
Overruled April 18, 1963.

Robert J. Sanders, Kansas City, Wm. Duke Hiett, Houston, for plaintiff-appellant.

Strubinger & MacElhern, Kansas City, of counsel, for plaintiff-appellant.

Hubert Lay, Houston, Green & Green, West Plains, for defendant-respondent.

STONE, Judge.

In this damage suit for personal injuries claimed to have resulted from a vehicular collision about 5:30 A.M. on September 27, 1958, on U. S. Highway 60 about three miles west of Cabool, Missouri, plaintiff had a jury verdict for $3,700 at the conclusion of the trial on February 23, 1962. On March 26, 1962, the court entered the following order on defendant's timely motion for new trial: "Now on this day motion for new trial argued orally. Upon plaintiff filing remittitur of $1200 on or within 15 days from 3–26–62, motion for new trial shall stand overruled, otherwise motion for new trial stands sustained and new trial granted defendant." Having refused to make such remittitur, plaintiff perfected this appeal.

On June 4, 1962, plaintiff's-appellant's counsel *filed with our clerk* a "Statement Alleging Error Made Pursuant to the Provisions of Rule 83.06(b),"[1] in which demand was made "that respondent (defendant) prepare the original brief" because (so plaintiff's counsel asserted) "the trial court erred in omitting to specify the ground or grounds on which it granted a new trial." See Rule 78.01; Section 510.-330. Counsel for defendant-respondent promptly took issue, contending that the above-quoted order "clearly indicated that the motion (for new trial) was sustained because the court thought the verdict excessive" [Connoley v. Beyer Crushed Rock Co., 355 Mo. 684, 689, 197 S.W.2d 653, 656(7)] and insisting that the burden of sustaining the order granting a new trial did not rest on respondent. With opposing counsel thus in open disagreement as to which party was obligated to prepare and serve the original brief, we treated plaintiff's-appellant's "Statement Alleging Error" as a motion and entered an order denying it. Regardless of whether (as plaintiff's counsel subsequently has complained) we erred in so treating the "Statement Alleging Error," our order thereon (which at least served the practical purpose of advising all interested counsel of our view that plaintiff-appellant remained under obligation to prepare and serve the original brief) did not impinge upon any substantial rights because, as will become apparent from our discussion, we remain of the opinion that the above-quoted order sufficiently specified

[1] Except as otherwise specifically stated, all references to rules are to the Supreme Court Rules of Civil Procedure, V.A.M. R., and all references to statutes are to RSMo 1959, V.A.M.S.

simple excessiveness of the verdict as the ground on which the motion for new trial was sustained. Connoley, supra.

Still insisting that he should not have been required to file the original brief, the first point in plaintiff's brief is that "the trial court erred in failing to specify the ground upon which it relied in purporting to grant defendant a new trial unless plaintiff file a remittitur." Under this point, plaintiff cites numerous cases [2] recognizing and applying the provisions of procedural rules adopted by our Supreme Court to the effect that, *"(w)hen a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted,* the presumption shall be that the trial court erroneously granted the motion for new trial * * * the burden of supporting such action is placed on the respondent," and "it shall never be presumed that the new trial was granted on any discretionary grounds." Rule 83.06, subds. (b) and (c). (All emphasis herein is ours.) Of course, we recognize that the quoted rule means exactly what it says, but its applicability in this (or, for that matter, in any other) case depends upon the italicized predicate, i. e., *the grant of a new trial "without specifying of record the ground or grounds on which the new trial is granted."*

Rule 78.01 [Section 510.330] plainly directs that "(e)very order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted," and Rule 83.06 spells out the procedural consequences of failure to comply with the quoted requirement of Rule 78.01. But, just how "specific" must be the statement of the ground in the trial court's order remains, in some instances, a subject of inquiry and a source of difficulty. E. g., Davis v. Kansas City Public Service Co.,

Mo., 233 S.W.2d 669, 677. On the one hand, a general statement in the order that the motion for new trial is sustained for the giving of erroneous, misleading, confusing and prejudicial instructions [Newman v. St. Louis Public Service Co., Mo. App., 238 S.W.2d 43, 45(1), affirmed Mo. (banc), 244 S.W.2d 45, 46(1)] or for the admission of incompetent, irrelevant, immaterial, improper and prejudicial evidence [Goodman v. Allen Cab Co., 360 Mo. 1094, 1097, 232 S.W.2d 535, 537(1); Johnson v. Kansas City Public Service Co., 360 Mo. 429, 433, 228 S.W.2d 796, 797(1)] is *not* specific within the contemplation and meaning of Rules 78.01 and 83.06. The rationale of these holdings is that "(t)he ground stated is too general to furnish any information to the parties or to this (appellate) court concerning the real basis of the trial' court's action." Goodman, supra, 360 Mo. loc. cit. 1097, 232 S.W. loc. cit. 537.

On the other hand, our Supreme Court has pointed out that the purpose of the procedural provisions now embodied in Rule 78.01 [see Section 510.330 and former Supreme Court Rule 3.22] "is to clothe the trial judge, who enjoys the advantage of meeting the parties and witnesses face to face, with a wide discretion to be exercised in the furtherance of substantial justice" [Donati v. Gualdoni, 358 Mo. 667, 673, 216 S.W.2d 519, 522(10)], and that, in reviewing the action of the trial court in sustaining a *motion for new trial, the ground stated* in the order should be given "a broad and liberal construction." Beer v. Martel, 332 Mo. 53, 60, 55 S.W.2d 482, 484(8); Donati, supra, 358 Mo. loc. cit. 673, 216 S.W.2d loc. cit. 521(7). Accordingly, in testing the sufficiency of specification of the ground upon which a new trial has been granted, our Supreme Court has not hesitated to draw appropriate implications or assumptions

---

2. Hall v. Brookshire, 364 Mo. 774, 267 S.W.2d 627, 629(3); Drake v. Hicks, Mo., 261 S.W.2d 45, 48–49(1, 2); Davis v. Kansas City Public Service Co., Mo., 233 S.W.2d 669, 677(10); Missouri Crooked River Backwater Levee Dist. of Ray County v. Merrifield, 358 Mo. 915, 218 S.W.2d 110; Young v. Hall, Mo.App., 280 S.W.2d 679, 680(1); Willis v. Willis, Mo. App., 274 S.W.2d 621, 625(6); Ragsdale v. Young, Mo.App., 215 S.W.2d 514, 516 (1).

from the language of the order. Donati, supra, 358 Mo. loc. cit. 673, 216 S.W.2d loc. cit. 521; Beer, supra, 332 Mo. loc. cit. 60, 55 S.W.2d loc. cit. 484. See also Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316, 320.

The order under scrutiny here, in which the trial court declared that, "upon plaintiff filing remittitur of $1200 * * * motion for new trial shall stand overruled, otherwise motion for new trial stands sustained," clearly shows on its face that the court thought the verdict excessive. Connoley, supra, 355 Mo. loc. cit. 689, 197 S.W.2d loc. cit. 656. In this jurisdiction, excessive verdicts fall into two categories, to wit, (1) verdicts reflecting *simple excessiveness,* where the jury has made an honest mistake in weighing the evidence as to injury and in fixing the damages and has awarded a disproportionate sum under the rule of uniformity, and (2) verdicts reflecting *excessiveness by misconduct,* where the result usually savors of bias and prejudice engendered during trial. Numerous Missouri cases [3] recognize the vital distinction between the two categories of excessive verdicts and point out that *simple excessiveness* may be and usually should be cured by enforced remittitur, thus affording opportunity to avoid the delay and expense incident to retrial [Jones v. Pennsylvania R. Co., 353 Mo. 163, 171, 182 S.W.2d 157, 159(5); Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 1135, 219 S.W.2d 333, 340, 8 A. L.R.2d 710], but that *excessiveness by misconduct* vitiates the verdict in its entirety, cannot be cured by remittitur, and necessitates a new trial on all issues. Skadal v. Brown, Mo., 351 S.W.2d 684, 690(14); Walton v. United States Steel Corp., Mo., 362 S.W.2d 617, 627.

In the instant case the trial court obviously found *simple excessiveness,* for an order permitting a verdict to stand, as corrected by remittitur, "presupposes a verdict resultant of the jury's unbiased, dispassionate and impartial consideration of the evidence." Jones, supra, 353 Mo. loc. cit. 171, 182 S.W.2d loc. cit. 159; Cruce v. Gulf, Mobile & Ohio R. Co., 361 Mo. 1138, 1148, 238 S.W.2d 674, 680. True, the order of the trial court might have been drawn in better form [compare Greco v. Hendricks, Mo., 327 S.W.2d 241, 242; Osburn v. Kansas City Southern Ry. Co., 360 Mo. 813, 814–815, 230 S.W.2d 856, 857–858], and it would have been preferable for the court to have stated plainly and directly the ground on which the motion for new trial was sustained. Quinn, supra, 318 S.W.2d loc. cit. 323. Nevertheless, as the order comes to us, it may not be said to be "too general to furnish any information to the parties or to this court concerning the real basis of the trial court's action." Goodman, supra, 360 Mo. loc. cit. 1097, 232 S.W.2d loc. cit. 537. On the contrary, we think that the order clearly indicated that, if the required remittitur were not made, the motion for new trial would "stand sustained" for *simple excessiveness* of the verdict or, in other words, "because the court thought the verdict excessive; that is, the verdict was not supported by the evidence." Connoley, supra, 355 Mo. loc. cit. 689, 197 S.W. 2d loc. cit. 656. It follows that we are of the opinion, and accordingly hold, that the order was, as to the ground on which the new trial was granted, sufficiently specific to satisfy the requirement of Rule 78.01, and that, therefore, (1) the procedural consequences imposed by Rule 83.06 for failure to satisfy such requirement should not be visited upon instant defendant and (2) the

3. Nussbaum v. Kansas City Stock Yards Co. of Maine, Mo., 359 S.W.2d 335, 340–341(4); Skadal v. Brown, Mo., 351 S.W. 2d 684, 689–690(12–14); Cruce v. Gulf, Mobile & Ohio R. Co., 361 Mo. 1138, 1148, 238 S.W.2d 674, 680; Dye v. St. Louis-San Francisco Ry. Co., Mo., 234 S.W.2d 532, 534; Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 1135, 219 S.W.2d 333, 340(12–14), 8 A.L.R.2d 710; Stokes v. Wabash R. Co., 355 Mo. 602, 611, 197 S.W.2d 304, 309; Jones v. Pennsylvania R. Co., 353 Mo. 163, 171–172, 182 S.W.2d 157, 159; King v. Kansas City Life Ins. Co., 350 Mo. 75, 81, 164 S.W.2d 458, 461; Brown v. Kroger Co., Mo.App., 358 S.W. 2d 429, 435(11).

trial court may not be convicted of prejudicial error, as assigned in plaintiff's first point, "in failing to specify the ground upon which it relied in purporting to grant defendant a new trial."

The second (and only other) point in plaintiff's brief is that "the trial court erred in granting a new trial upon the defendant's motion for the reason that said motion did not present any predicate of error to justify such action." As developed in the brief and oral argument, this complaint is that, regardless of whether the order reasonably might be said to have granted a new trial for *simple excessiveness* of the verdict, the trial court was not authorized to grant a new trial on that ground because (so plaintiff contends) *simple excessiveness* was not presented and preserved in defendant's motion for new trial. Since Sunday, March 25, 1962, was the last day of the thirty-day period after verdict and judgment on February 23, within which the trial court *of its own initiative* might have ordered a new trial "for any reason for which it might have granted a new trial on motion of a party" [Rule 75.01; Section 510.370], that thirty-day period was extended to include the following day, Monday, March 26. Rule 44.01(a); Section 506.060(1). However, in entering on March 26 the order under consideration here, the trial court did not purport to act "of its own initiative" [Rule 75.01; Section 510.370], but the order obviously was entered in response to, and clearly was dependent upon, defendant's motion for new trial. Accordingly, we agree with instant plaintiff that the order granting a new trial for *simple excessiveness* of the verdict should not be sustained unless defendant's motion for new trial presented and preserved that ground.[4]

Whether *simple excessiveness* was so presented and preserved is a question which,

due to the unorthodox form and content of the motion for new trial, is not free from doubt and difficulty. Almost seven transcript pages in length, the motion included quoted excerpts and digested passages from the medical testimony and (in addition to these excerpts, the prefatory paragraph and the prayer) contained nine paragraphs, only three of which were numbered. We are not here concerned with the *first numbered* paragraph, the medical testimony quoted thereunder, and the succeeding unnumbered paragraph, all of which related to alleged error in the court's admission of, and refusal to strike, certain evidence.

In the *second numbered* paragraph, plaintiff complained that "the verdict of the jury was and is excessive and the result of bias and prejudice on part of the jury against the defendant and in favor of plaintiff." This assignment was followed by *five unnumbered* paragraphs and an excerpt from plaintiff's medical testimony, all obviously directed to the alleged excessiveness of the verdict. The *last such unnumbered* paragraph asserted, by way of summation and conclusion, that "therefore, the only elements of damage established by plaintiff as a direct result of the injuries occasioned by the collision were (a) loss of two week's (sic) work, $400.00; (b) medical expense of $120.00; (c) pain and suffering by reason of cuts and abrasions during the two weeks immediately following the collision."

The *third numbered* paragraph opened thus: "The amount of damages allowed plaintiff by the jury was not supported by any credible evidence in the case and was based on mere speculation, guess and surmise as shown by the evidence aforesaid." The quoted sentence pertained to the alleged excessiveness of the verdict and, by its language (i. e., "as shown by the evidence aforesaid"), referred to the evidence

---

4. Loveless v. Locke Distributing Co., Mo., 313 S.W.2d 24, 27(1); Ridenour v. Duncan, Mo., 246 S.W.2d 765, 767(1); Birmingham v. Kansas City Public Service Co., 361 Mo. 458, 461, 235 S.W.2d 322, 324(1); Goodman v. Allen Cab Co., 360 Mo. 1094, 1100, 232 S.W.2d 535, 539(7); Tamko Asphalt Products, Inc. v. Fenix, Mo.App., 321 S.W.2d 527, 536.

bearing upon alleged excessiveness which had been quoted under or digested in the preceding unnumbered paragraphs. The remainder of the third numbered paragraph was directed to an entirely different point in which we have no interest here, to wit, that the trial court had erred in refusing to sustain defendant's motions for directed verdict "for the reason that plaintiff's evidence as a basis for his cause of action (i. e., concerning the manner in which the collision had occurred) was opposed to physical facts."

In their brief, plaintiff's counsel characterize the *second numbered* paragraph as a "claim of prejudicial misconduct on the part of the jury"; and, if this paragraph stood alone without explanation, elaboration or elucidation, we would be constrained to agree that it constituted an assignment of *excessiveness by misconduct.* Skadal, supra, 351 S.W.2d loc. cit. 690; Stokes v. Wabash R. Co., 355 Mo. 602, 610–612, 197 S.W.2d 304, 309. But, as we have noted, the *second numbered* paragraph was followed by *five unnumbered* paragraphs and an excerpt from the medical testimony, all directed to the alleged excessiveness of the verdict; and, except for the latter portion of the *second numbered* paragraph where, after the averment that "the verdict of the jury was and is excessive," it was alleged conjunctively "and (was) the result of bias and prejudice on the part of the jury * *," nothing in the entire motion for new trial charged or even suggested *excessiveness by misconduct.* True, plaintiff's counsel bitterly criticize the remainder of *"part 2* of the motion" (i. e., the *five unnumbered* paragraphs and excerpted testimony) as permeated by "manifest distortion and misrepresentation" of the facts; but, regardless of whether that criticism is justified, the remainder of *"part 2"* certainly was not and is not reasonably susceptible of being construed either as constituting or supporting a charge of *excessiveness by misconduct.* On the contrary, the (hereinbefore-quoted) *last unnumbered* paragraph, in which defendant's counsel listed "the only elements

of damage established by plaintiff as a direct result of the injuries occasioned by the collision," persuasively indicated a purpose to charge *simple excessiveness.*

All of this suggests various close and perplexing questions, e. g., (1) whether the *five unnumbered* paragraphs and excerpted testimony were so tied to the *second numbered* paragraph that all necessarily should have been considered and construed together as *"part 2"* of the motion for new trial and as a single assignment of error; (2) if question (1) were answered in the affirmative, whether the conjunctive charge of "bias and prejudice" in the *second numbered* paragraph so tainted the remainder of *"part 2"* (i. e., the *five unnumbered* paragraphs and excerpted testimony) as to have impelled the conclusion that, construed as an entity, *"part 2"* charged *excessiveness by misconduct* rather than *simple excessiveness;* and (3) if question (1) were answered in the negative, whether one or more of the *five unnumbered* paragraphs properly might have been construed as an assignment of *simple excessiveness.* However, in our view of the matter, we need not and, therefore, do not resolve any of the questions posed. For, whatever construction of *"part 2"* (or any portion thereof) might have been permissible or proper, we are of the opinion that the *first sentence* of the *third numbered* paragraph was sufficient to raise and preserve *simple excessiveness* of the verdict.

Again attending to the language of that sentence, we read that "the amount of damages allowed plaintiff by the jury was not supported by any credible evidence in the case and was based on mere speculation, guess and surmise as shown by the evidence aforesaid," and we remind ourselves that "the evidence aforesaid" (i. e., that quoted under and digested in the *five unnumbered* paragraphs immediately preceding the *third numbered* paragraph) bore upon the alleged excessiveness of the verdict but in no wise charged or even suggested *excessiveness by misconduct.* In McCloskey v.

Pulitzer Pub. Co., 163 Mo. 22, 63 S.W. 99, where the trial court had granted a new trial for plaintiff's failure to remit, the Supreme Court thus rejected the appellate contention that excessiveness of the verdict had not been presented and preserved in defendant's motion for new trial: "There are several grounds assigned in the motion which we think cover that of the excessiveness of the verdict, among which is, 'The verdict was wholly unwarranted by the testimony.' If the verdict was excessive, it was unwarranted by the testimony, because not in accordance therewith. * * * The second ground (in the motion for new trial) asserts that there was no evidence whatever authorizing the verdict for compensatory damages, and that the verdict should have been for nominal damages only. The third ground asserts that there was no evidence whatever to support the verdict for punitive damages. That is, in both these grounds it is, in effect, declared that the verdict for compensatory damages and the verdict for punitive damages were excessive." [163 Mo. loc. cit. 31, 32, 63 S.W. loc. cit. 100(1, 3)] Shortly thereafter the St. Louis Court of Appeals observed in Trustees of Christian University v. Hoffman, 95 Mo.App. 488, 499, 69 S.W. 474, 476 (8), that: "It has been recently held by the second division of the supreme court that a motion for new trial which assigns the ground that 'the verdict was wholly unwarranted by the testimony' amounts to an objection that there is an excessive verdict, and that such an assignment of error sufficiently raises that question for review. McCloskey v. Publishing Co., 163 Mo. [loc. cit.] 31, 63 S.W. 99." More than sixty years later, we should not be more severe and rigorous in our construction of assignments of error. Although procedural rules are indispensable and essential compliance with them is necessary, the judicial process, in which courts seek to work substantial justice, is not to be subverted into an exacting exercise in semantics.

Neither the assignments under scrutiny in McCloskey and Christian University, supra, nor those under consideration here were "precise assignments of mere excessiveness." Cruce, supra, 361 Mo. loc. cit. 1149, 238 S.W.2d loc. cit. 680. But, mindful of the injunction by rule and by statute that "(a)ll pleadings shall be so construed as to do substantial justice" [Rule 55.26; Section 509.250] and of the blunt judicial admonition that "(a)ssignments of error in a motion for new trial should be given liberal construction" [Stroh v. Johns, Mo., 264 S.W.2d 304, 308(7)], it is our considered conclusion that the *first sentence* of the *third numbered* paragraph was sufficient to present and preserve the question of *simple excessiveness* of the verdict. See again Cruce, McCloskey and Christian University, supra.

Although the foregoing is dispositive of the only two points in plaintiff's brief, the earnestness and perseverance of plaintiff's counsel move us to consider also the oblique attack in a subpoint that the "order requiring a remittitur * * * constituted an abuse of authority in that it is without support in the record." The governing principles are well-settled. Of course, it is the province of the jury, in the first instance, to assess the amount of damages [Spica v. McDonald, Mo., 334 S.W.2d 365, 368(1); Donahoo v. Illinois Term. R. Co., Mo., 300 S.W.2d 461, 469 (10)], and such award by the jury should not be set aside lightly or capriciously. Lindsey v. Williams, Mo., 260 S.W.2d 472, 478(4), certiorari denied 347 U.S. 904, 74 S.Ct. 428, 98 L.Ed. 1063; Willis v. Willis, Mo.App., 274 S.W.2d 621, 625(5). However, the trial court is vested with wide discretion in ordering a new trial on account of the amount of the verdict [Combs v. Combs, Mo., 295 S.W.2d 78, 80(2); Wicker v. Knox Glass Associates, 362 Mo. 614, 619, 242 S.W.2d 566, 569(4)]; the granting of a new trial for excessiveness is equivalent to the granting thereof on the ground that the verdict is against the weight of the evidence [Greco v. Hendricks, supra, 327 S.W.2d loc. cit. 245(2); Bierman v. Langston, Mo., 304 S.W.2d 865, 867(3)]; and

the action of the trial court will not be disturbed on appeal where the reviewing tribunal, *not weighing the evidence but viewing the record in the light most favorable to sustention of the order,* finds reasonable and substantial support for the ruling nisi. Wilhelm v. Haemmerle, Mo., 262 S.W.2d 609, 612–613(7, 8); Stith v. St. Louis Public Service Co., 363 Mo. 442, 454, 251 S.W.2d 693, 700(14), 34 A.L.R.2d 972; Steuernagel v. St. Louis Public Service Co., 361 Mo. 1066, 1075, 238 S.W.2d 426, 431(12, 13). The appellate court must remain ever mindful that, in the exercise of the important function of determining whether a new trial should be granted for excessiveness or inadequacy of the verdict, the trial judge is invested with the right and is charged with the duty to consider and weigh the evidence and, in so doing, to accord to the testimony of the respective parties and their witnesses such weight and value as in his opinion should be given thereto. Combs v. Combs, supra, 295 S.W.2d loc. cit. 80(4); Sanders v. Illinois Central R. Co., 364 Mo. 1010, 1019, 270 S.W.2d 731, 737(6); Enyart v. Santa Fe Trail Transp. Co., Mo., 241 S.W.2d 268, 271(9).

Plaintiff, then forty-three years of age and "a lease driver" for a trucking concern, was at the time of accident westbound on Highway 60 in a new 1958 GMC diesel tractor. Defendant was driving a tow-car unit (i. e., a 1951 Buick towing a 1951 Ford) in an easterly direction on the same highway. As a result of the collision, plaintiff's tractor overturned. Plaintiff said that he "lost consciousness" at the time of impact and "regained consciousness in the ambulance in front of Dr. Speers' clinic in Cabool." But defendant's evidence on this subject was that, while still in the overturned cab of the tractor, plaintiff had reached up and turned off the motor. Dr. Joe Speers, *the only medical witness,* detailed and described plaintiff's injuries as a laceration on the back of his head about one inch in length and closed with three sutures, a laceration on his right forehead about three-quarters inch in length and closed with

two sutures, several bruised areas including a bruise below the right knee, the skin "scraped in a few places over his head," and "shock"—"I think you could say that." Plaintiff remained at Dr. Speers' office for some four hours until his wife, notified over long distance, arrived in Cabool and on the same date returned plaintiff by automobile to his home in Tulsa. Thereafter, plaintiff made two calls at the office of Dr. Stuart White in Tulsa, the first on the day following the accident and the second three or four days later when the sutures were removed. Admittedly, plaintiff sustained no fracture and was not hospitalized. Although still "awfully sore," he returned to work two weeks after the accident. To that date, his medical expenses had aggregated $15 (i. e., $5 to Dr. Speers and $10 to Dr. White); and, since his average earnings were "probably $200 a week," his loss of earnings had been about $400.

In their critical discussion of defendant's motion for new trial, plaintiff's counsel emphasize (to borrow their terminology) two "episodes of severe back pain" suffered by their client *in June 1959* and *in July 1960.* In describing the *June 1959* episode, plaintiff said: "I started to wash my face one morning, and I don't know what happened, I'm not—not a medical man—but I couldn't straighten up. I had stooped over to wash my face and—well, that's the position I remained in for two weeks." Plaintiff "went to a Dr. Stewart in Tulsa," who took x-rays and prescribed some "pain relievers." In the *July 1960* episode (apparently of the same character as the previous one), plaintiff "went back to Dr. Stewart again" and then to a "Mr. Kempe"—"I don't know whether he's a chiropractor or an osteopath." Plaintiff was off work three weeks in the June 1959 episode and two weeks in the July 1960 episode. Dr. Stewart's bill for services, including "a series of x-rays," totaled $80. Dr. Kempe's bill was "probably $20." With plaintiff himself spontaneously and significantly explaining that "I don't know what happened, I'm not a medical man," and with no information concerning

either back episode having been supplied by any other witness, obviously neither the jurors nor the trial judge (none of them men of medicine) could have known "what happened." Pursuant to request by his counsel, plaintiff was re-examined by Dr. Speers of Cabool on *October 13, 1961*. Upon trial Dr. Speers expressed the opinion that plaintiff "has a weak or unstable back" which "probably is permanent," but the doctor further said that, "as to what caused this, I don't think I could make any statement."

■ The burden rested on plaintiff to show by substantial evidence the causal connection between defendant's negligence and the alleged injuries for which recovery was sought. Berry v. Kansas City Public Service Co., 341 Mo. 658, 676, 108 S.W.2d 98, 107; Gulley v. Spinnichia, Mo.App., 341 S.W.2d 301, 304(1). No doubt there are situations in which such causal connection reasonably may be inferred without the opinion of a medical expert [e. g., Bell v. S. S. Kresge Co., Mo.App., 129 S.W.2d 932, 935(4)]; but it would seem that whether the accident of *September 27, 1958,* caused, or contributed to cause, the back episodes of *June 1959* and *July 1960* and the "weak or unstable back" found by Dr. Speers on *October 13, 1961,* posed questions for men learned in the science of medicine. Adelsberger v. Sheehy, 332 Mo. 954, 958, 59 S.W.2d 644, 646; Franklin v. Kansas City Public Service Co., 239 Mo.App. 151, 155, 186 S.W.2d 546, 548(1); Gulley, supra, 341 S.W.2d loc. cit. 305(4). See also Moore v. St. Louis Transit Co., 226 Mo. 689, 704–705, 126 S.W. 1013, 1017(5). Otherwise stated, we think that the back episodes, occurring so long after plaintiff had returned to regular employment as a truck driver, could not be treated as ordinary or natural results of the accident, and that "(n)o layman could know or have any reasonable basis for an inference that (such episodes) did result from it." Kimmie v. Terminal R. R. Ass'n. of St. Louis, 334 Mo. 596, 604, 66 S.W.2d 561, 564; Cox v. Missouri-Kansas-Texas R. Co., 335 Mo. 1226, 1236,

76 S.W.2d 411, 416; Hunt v. Armour & Co., 345 Mo. 677, 684, 136 S.W.2d 312, 316. In any event, we are satisfied beyond doubt that, on the record presented to us, any inference that plaintiff's back episodes or his "weak or unstable back" resulted from the collision of September 27, 1958, would rest upon nothing more substantial than sheer speculation, rank surmise, and unbridled conjecture. Stewart v. Martin, 353 Mo. 1, 5, 181 S.W.2d 657, 658; Derschow v. St. Louis Public Service Co., 339 Mo. 63, 68, 95 S.W.2d 1173, 1175; Gulley, supra, 341 S.W.2d loc. cit. 305.

■ In these circumstances, the trial court in considering and ruling the complaint of simple excessiveness in the motion for new trial properly should have disregarded, and no doubt did disregard, the testimony pertaining to the back episodes and "a weak or unstable back." With this evidence put aside as it should be on the transcript before us, we think it clear beyond reasonable room for argument that plaintiff has not carried his appellate burden of demonstrating that the trial court abused its discretion in finding that the verdict for $3,700 was excessive and in ordering a new trial upon plaintiff's refusal to remit $1,200. Fullerton v. Atchison, T. & S. F. Ry. Co., Mo., 285 S.W.2d 572, 574(2); Bierman, supra, 304 S.W.2d loc. cit. 865, 868(7); Union Elec. Co. of Missouri v. McNulty, Mo., 344 S.W.2d 37, 39(2).

Plaintiff's counsel have suggested that another trial (if ordered) should be limited to the issue of damages. But, for the logical and convincing reasons amplified in Greco v. Hendricks, supra, 327 S.W.2d loc. cit. 247–249(8, 9), we are of the opinion that the order granting a new trial should be affirmed in its entirety and that the cause should be remanded for retrial on all issues. See also Pinkston v. McClanahan, Mo., 350 S.W.2d 724, 729(7). Accordingly, that is the order and judgment of this court.

RUARK, P. J., concurs.

HOGAN, J., not sitting.