Judge Wood
delivered the opinion of the court:
This case was tried on the last circuit, in the county of Morgan, and a verdict found for the plaintiff. The defendant’s counsel filed a motion for a new trial, and assigned for cause, that the verdict of the jury was against the evidence and the law of the case; also, a motion nisi, in arrest of judgment. Both motions were reserved for decision in this court. The cause was tried on the first count of the declaration, the pleas of the general issue, and a justification.
The words laid to have been spoken were: “1. He (the plaintiff meaning) represented himself to Colonel Stone, of Point Harmar, to be a man by the name of Seely, whereby he obtained of said Stone a letter containing money, which he was to deliver to the owner; but instead of doing so, he (the said plaintiff) broke open the letter and used the money himself.
“ 2. .He (the plaintiff meaning) took money in a letter from Col. Stone to a man by the name of Elliott, which money belonged to Elliott, and he (the plaintiff) broke open the letter, and put the-money to his own use.
*70 “3. He (the plaintiff meaning) represented himself to Col. Btone lo be a man by the name of Seely, by which means he obtained a letter, directed to one Elliott, containing money belonging to said Elliott, which said money and letter he agreed to deliver to said Elliott, but instead of doing so, he broke open the letter and used the money.
“4. He (the plaintiff meaning) has been guilty of obtaining money by false pretenses.
“ 5. He (the plaintiff meaning) falsely represented himself to ■be one Seely to Col. Stone, whereby he obtained of said Stone money belonging to one Elliott, which he converted to his own use.”
*The first, in order, to be considered, is the motion for a .new trial. Is the verdict against the evidence which was given ? Two issues are presented in the record : 1. The defendant denies the speaking of the words. 2. He admits the words were spoken, and avers that they were true. When two issues are presented in this action, as in this case, not guilty and a justification, each is to be disposed of in the same manner as if it stood alone on the records. Dewit v Greenfield, 5 Ohio, 225.
If the jury find either issue against the evidence, or clearly and manifestly against the weight of the evidence, a new trial will follow. Bac. Abr., New Trial.
To prove the first issue, the plaintiff called one Keyes, who testified that the defendant said to him that the plaintiff went to Col. Stone’s, assumed the name of Seely, and by that means got a letter to Elliott, with fifty dollars in it; broke open the letter, used the money, and afterward replaced it.
A second witness of the same name, and a third by the name of Davis, proved the same words, nearly, spoken by the defendant. The rule is laid down in 2 Stark. Ev. 844, in reference to libels, thus: “ The same strictness (perhaps on the ground of convenience) does not apply in actions for words; for if some of those, being actionable, be proved, an omission to prove the remainder of the words laid in the context with them, or a variance from the latter, will not be material, provided the words proved do not differ in sense from those alleged, considering the whole context.” In other language, if part of the actionable words be proved, substantially, as laid, the plaintiff shall recover for them. The evi *71 ■dence of each witness appears to us to have proved the speaking of all the words, at least, substantially, as laid in the declaration.
The defendant then read the deposition of Col. Stone, and called two witnesses to prove the second issue.
1. The deposition of Col. Stone, who testified a letter was placed in his hands, said to contain twenty-five dollars, from Ambrose Elliott, addressed to him, Elliott, with a request that the witness would transmit it to Mrs. Elliott, at Olive Green, some twenty miles distant; that he gave the letter, sealed, to the plaintiff, who lived a few miles from Olive Green, and desired him to leave it at McIntosh’s store, but two or three miles from Mrs. Elliott’s, at his, Elliott’s, residence.
*2. Ambrose Elliott testified that he inclosed twenty-six dol- [69 lars in a letter, which he sealed with care and sent to Colonel Stone, to be forwarded tohiswife; that he learned, two or three weeks afterward, the letter had not been received; that he went to Marietta and inquired of Colonel Stone concerning the letter; that Colonel Stone did not then recollect by whom he had sent it; but wrote him, six or eight weeks afterward, that it was by the plaintiff; that the witness then went to the plaintiff and inquired of him if he had brought a letter from Colonel Stone, to be left at McIntosh’s for Ambrose Elliott, to be sent to his wife, Mrs. Elliott. This was at the plaintiff’s store; that the plaintiff denied any knowledge of such letter; witness then handed him Colonel Stone’s letter; plaintiff, after reading it, admitted some indistinct recollection of it, and sent witness to the house to inquire of his wife for it; that he went to the house; Mrs. Cheadle searched for the letter, but could not find it; that he returned to the store, and the plaintiff then went with him to the house, looked .in the chest, which had been previously examined by Mrs. Cheadle, and handed witness the letter; witness could not tell whether the plaintiff took the letter from the chest or not; plaintiff asked witness if he did not wish a knife to open the letter; that he, witness, said not; that the letter opened without an effort, and he thought the seal had been broken; that the letter contained the same amount of money he inclosed; but he ■could not say whether it was the same or not.
Enoch S. McIntosh testified, that the plaintiff was twice at his store, during the time the letter must have been in his possession; that his store was the place at which the letter was to be left. This evidence, on the part of the defendant, was not attempted to bo *72 denied nor impeached; and the peculiarly frank, apparently candid, and intelligent manner in which Elliott testified, is still fresh in the recollection of two members of this court.
The court entertain the opinion, that the first set of words, laid in the declaration, amount to a charge of larceny. There is no mystery in the definition of this offense. It is the felonious taking and carrying away the personal goods of another. In other language, it is a taking and conversion of another’s property, in a secret and clandestine manner, and with the intention, by secrecy and fraud, to deprive the owner of his remedy to recover his goods. Did the defendant’s evidence prove this offense to have been com-70] mitted? If so, this issue should have *been found for the defendant. Let us look a moment at the proof.
1. The plaintiff received the letter sealed, with the knowledge that it contained twenty-five dollars.
2. He was to leave it at the store of McIntosh.
3. He was twice at the store, while the letter was in his possession, but he did not deliver it.
4. He kept it more than ten weeks.
5. When Elliott inquired of him about the letter, he denied all knowledge of it, until Elliott delivered him the letter of Colonel Stone.
6. He pretended to find the letter in the chest, which had been examined by his wife previously, without his knowledge.
7. He offered Elliott a knife to open the seal, when it was already broken, as the witness believed.
Can there be any reasonable doubt entertained, but what this evidence proves the secret and clandestine taking and conversion of the money to his own use, with the intention to deny to Elliott all remedy to recover it ? We think not. Our opinion is, therefore,, that the jury found this issue for the plaintiff, against the evidence given on the trial.
We can arrive at no other conclusion than this: that Cheadle opened the letter and took out the money, with the intention to convert it to his own use; that he supposed, as Elliott was in Pennsylvania, and he himself a stranger to Colonel Stone, the letter would probably never be traced to his hands. To guard against accidents, however, he kept the letter in his possession; and while Elliott was sent to his house, to inquire of his wife, he, the plaintiff, was replacing either the same, or other money in it, at the store. *73 That the seal was broken, is proved by Elliott, and the very unusual inquiry put by Cheadle, in relation to the knife. Having taken the money from the letter, with the intent to steal it, the offense was complete, although- the same money might have been afterward replaced.
Suppose, however, the crime of larceny was not fully proved, the circumstances were such, in mitigation, that the law would give but nominal damages. A man who comes into court, with hands nnclean, his reputation stained and polluted by his own depravity, is entitled to nothing more than his naked legal rights ; he is not to be encouraged with anything beyond these. It is the man who comes, like the complainant, in chancery, having done and prepared to do equity, who brings a character unpolluted *and [71 worthy of protection, that receives the indulgent and willing attention of the court.
In giving a verdict for more than nominal damages, the verdict is against the Jaw of the case on the first issue, and a new trial must be granted. Defendant to pay the costs of the term.
This decision makes it unnecessary to say anything on the motion in arrest of judgment.