## MAGGIE M. DUNCAN, Appellant, v. VINCENT T. WILLIAMS, Respondent.

### Kansas City Court of Appeals, June 10, 1904.

1. **LIBEL: Court and Jury: Defendant's Right.** Except as to the question of libel or no libel, the court in such cases has the same power as in other cases; but it can not direct a verdict for the plaintiff and if either jury or court favor the defendant he must go acquit.

2. ——: ——: **Verdict: Appellate Practice.** The jury are the sole judges of whether the publication is in fact libelous, and if it finds it non-libelous its verdict is conclusive and cannot be overthrown by the appellate court.

Appeal from the Gentry Circuit Court.—*Hon. Gallatin Craig*, Judge.

AFFIRMED.

*C. H. S. Goodman* and *W. F. Dalbey* for appellant.

Submitted an argument.

*Aleshire & Benson* and *McCullough & Showen* for respondent.

Also submitted an argument.

SMITH, P. J.—The petition alleged that the defendant printed and published in the "Stanberry Herald" the following article, to-wit: "The case of the city against Maggie M. Duncan was disposed of in the circuit court where it had went on an appeal by the defendant pleading guilty and was fined one dollar and costs."

The defendant interposed a demurrer to the petition based upon the ground that it did not state facts

sufficient to constitute a cause of action, which was by the court overruled. He thereupon filed an answer in which he admitted the publication and pleaded the truth thereof and that the same was published without malice and only as a news item. The cause was tried to a jury and at the conclusion of all the evidence the court for plaintiff told it:

"1. The jury are instructed that the instructions given by the court indicate the court's views of the law applicable to this case, but that said instructions are given not for the purpose of binding their consciences, but of enlightening their judgment for notwithstanding the instructions given, the jury are judges of the law and of the facts.

"2. The court instructs the jury that the words containing the charge complained of in the petition are libelous in and of themselves and their publication of and concerning the plaintiff imports malice; that the answer admits that said words were published of and concerning the plaintiff and if the jury believe that the plaintiff was aggrieved or damaged by such publications, then they will find for the plaintiff, and assess her damages at such sum not exceeding two thousand dollars, as they believe the plaintiff entitled to under all the facts and circumstances in evidence.

And "3. The court declares the law to be that the facts pleaded by the defendant in his answer even if established by the evidence, do not constitute a complete defense to the action, and should only be consulted in mitigation of damages."

And for defendant the court gave the following:

"The court instructs the jury that in a case of this kind it can give such instructions as it deems proper, but the jury are not only the sole judges of the weight to be given to the testimony and facts, but under the Constitution and laws of Missouri, you are yourselves the sole judges of the law of libel, and as to whether the alleged publication was in fact libelous; and if you find

that said article complained of was not libelous you will find for the defendant.''

The verdict of the jury was for defendant and judgment was given accordingly, from which plaintiff appealed. The sole ground upon which the plaintiff by her appeal assails the judgment is that the court erred in its action refusing to set aside the verdict upon her motion for that purpose.

When a court upon a demurrer to the petition decides the question of libel or no libel adversely to the defendant, it then becomes its duty to send the case to the jury upon that question and to instruct it as to the general principles of law touching libel, but the jury are at liberty to follow the instructions or not, and if it, the jury, found for defendant, as it did here, that is an end of the case in that court. ''Except as to the question of libel or no libel, the power of the court is the same in a libel suit as in any other. While a court may sustain a demurrer to the plaintiff's petition, or nonsuit the plaintiff on trial, or sustain a motion in arrest of a judgment against defendant, it can not direct a verdict for the plaintiff in a libel suit. If the defendant can get either the court or the jury to be in his favor he succeeds.'' And this rule is the same whether the case be civil or criminal libel. Heller v. Pulitzer Pub. Co., 153 Mo. l. c. 213; Arnold v. Jewett, 125 Mo. l. c. 252.

There is no claim made that the instruction given for defendant is erroneous in its expression. It told the jury that it was the sole judge of the law of libel and as to whether the publication was in fact libelous, and if it found that said publication was not libelous, to find for defendant. The jury was the sole judge of whether the publication was in fact libelous, and having decided that it was not, that put an end to the case.

Even if the court on demurrer to the petition decides that the publication therein set forth was libelous, and later on at the trial instructed the jury that the defense pleaded by the answer was not a complete defense

and could be considered only in mitigation, yet, we cannot see that the effect of this was to deprive the jury of the authority conferred by the Constitution and the statute—article 3, section 14, Constitution of Missouri; Revised Statutes, section 3872—to decide for itself as a matter of law, as it did, that said publication was not libelous, and accordingly to return a verdict for defendant. The verdict was conclusive and can not be overthrown by us.

The judgment will be affirmed. All concur.