## FITZJOHN v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division One, June 20, 1904.

1. **ONE NEW TRIAL: Discretion: Arbitrary Abuse.** Before the appellate court will interfere with the discretion of the trial court to grant to plaintiff one new trial upon the ground that the verdict was against the weight of the evidence, it must be made to appear that there was no substantial evidence upon which to base the court's ruling, or that the case was such that no verdict in favor of the plaintiff could ever be allowed to stand.

2. ———: ———: ———: **Conflict in Evidence.** Where there was substantial evidence supporting the allegations of the petition, which if believed would sustain a verdict for plaintiff, the court does not abuse its discretion in granting plaintiff one new trial after a verdict for defendant.

3. ———: ———: ———: **Prejudice of Judge: Examination of Witness.** The fact that the judge during the progress of the trial severely cross-examined some of appellant's witnesses and thereby discredited them before the jury, even though that fact shows that he was prejudiced against appellant, affords no ground for holding that the court erred in granting respondent a new trial after the jury had returned a verdict for appellant. There is no logical connection between the right of the court to grant a new trial, and his prejudice towards appellant.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Geo. W. Easley* for appellant; *Boyle, Priest & Lehmann* of counsel.

The trial judge set aside the verdict on the sole ground that it was against the weight of the evidence. That action, we insist, was error. The verdict is sus-

tained by the decided weight of the evidence. The jury reached the verdict after being fully instructed as to the weight of the evidence, and that it did "not alone depend upon the number of witnesses," and after being fully instructed as to what they should consider in determining the credibility of the witnesses, and also as to their right to disregard the evidence of any witness whom they believed had sworn falsely. The jury had to find one way or the other. They could not believe the plaintiff and her two companions, and give credence to the evidence of Mrs. Steckmesser, Robert Early, Daniel D. Early, Jr., and Bertha Taberman. Here were four disinterested witnesses, against one interested and two disinterested witnesses. Even in this view, the two disinterested witnesses were intimate personal friends of the plaintiff, so intimate that they had been together on a Sunday visit to a summer garden. Their friendship would have a natural tendency to warp their feelings in favor of plaintiff, and to color their testimony in her favor. No circumstance of that kind can be urged against the four disinterested witnesses produced by the defendant. There was ample evidence to support this verdict, if the jury believed the evidence offered by defendant to be true. Does not a trial judge invade the province of the jury when granting a new trial because the verdict was against the weight of the evidence, in a case where more disinterested witnesses testify in favor of the verdict than do against it, and where the jury must choose between the witnesses for plaintiff and defendant as to who have testified truthfully? Does not this ruling virtually say to the jury that they shall not believe the witnesses called by defendant, and must believe a less number of witnesses called by plaintiff, no more credible than those called by defendant, where the opportunities of each were equal to see and know the facts about which they testified? It is peculiarly the province of the jury to pass upon the credibility of the witnesses, and not the province of the court. When the

court arbitrarily determines that one set of witnesses must be believed and the other not, it becomes the more arbitrary and unjust when the witnesses whom the court determines must not be believed are corroborated by the physical facts, and the witnesses whom the court impliedly rules must be believed are contradicted by such facts. Witnesses often do speak untruthfully— physical facts, based upon the laws of the motion and momentum of bodies, never. The evidence of physical facts in matters about which witnesses differ should always turn the scale in favor of the evidence of those who are corroborated thereby. Nugent v. Milling Co., 131 Mo. 241. We insist that this record clearly demonstrates "that a wise discretion has not guided" the action of the trial judge. We do not ask this court to substitute its judgment for that of the trial judge, but we do ask that the arbitrary act of the trial judge shall not control this court.

*A. R. Taylor* for respondent.

A special jury, under the evidence in the case and the instructions of the court, rendered a verdict in favor of the defendant, and upon motion of the plaintiff the court set the verdict aside as being against the weight of the evidence, from which order this appeal is being prosecuted. An analysis of the evidence will show that the court very properly granted a new trial, because the great weight of the evidence given by the different witnesses, as well as the physical facts, bear out the theory of the plaintiff's case. The testimony of the plaintiff, a woman of mature age and discretion, was to the effect that she did not leave the car while the same was in motion, but that she waited until the car stopped before she got up from her seat to leave the car. She is corroborated by two of her friends, Mrs. Lock and Miss Dougherty, who watched every movement of hers—who were interested more than any one else in her safely

getting off the car. Against the testimony of these two witnesses, whose interest was centered in the safe departure of the plaintiff, is the testimony of the defendant's witness, Robert Early, who, on cross-examination, admitted that he did not notice the car until he saw the plaintiff fall, and that then he saw the car in motion; and the testimony of Mrs. Steckmesser, who was very flippant and solicitous in inquiring of the attorney for the defendant whether or not he could help her to get a husband, and who finally admitted that she knew nothing of the accident until after it had happened; and the further testimony of Bertha Taberman, whose evidence, to put it most charitably, is indeed of a very questionable nature; and, finally, the testimony of Daniel D. Early, Jr., who, when he called upon the plaintiff, told her that he knew nothing about the accident, and who, upon the trial, claims to have seen it all. Even under the testimony of the conductor the plaintiff was entitled to a verdict. The defendant very bitterly attacks the action of the learned judge because he saw fit to inquire of the conductor into the exact facts in the case. We respectfully submit that the defendant's criticism is without merit, and that it was not only the privilege but the duty of the court to ascertain the truth. The point made by appellant that the physical facts bear out its theory is also not well taken. Upon this whole record, and in view of the fact that the trial court was in a better position to observe the manner and demeanor of the witnesses upon the stand than the appellate court, the action of the trial court ought to be affirmed. Thompson v. Railroad, 140 Mo. 142; Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Parker v. Cassingham, 130 Mo. 348; Whitsett v. Ransom, 79 Mo. 258; Bank v. Armstrong, 92 Mo. 265; Reid v. Ins. Co., 58 Mo. 421; Lockwood v. Ins. Co., 47 Mo. 50.

MARSHALL, J.—This is an action for ten thousand dollars damages for personal injuries alleged to

have been sustained by the plaintiff, while a passenger on and while alighting from one of the defendant's cars, at the corner of Jefferson avenue and Morgan street, in the city of St. Louis, on July 7, 1901. There was a verdict for the defendant, and thereafter the court sustained the plaintiff's motion for a new trial, upon the ground that the verdict was against the weight of the evidence, and the defendant appealed. So far as necessary the facts will be stated in the course of the opinion.

## I.

The law applicable to cases of this character is now well settled.

The trial court has a discretion to grant one new trial, and this court will not interfere with its exercise of that discretion, however much it may disagree with that court upon such a ruling, where there is any substantial evidence to support it, unless the case is such that no verdict in favor of the party to whom the new trial is granted could ever be allowed to stand. [Hoepper v. Southern Hotel Co., 142 Mo. l. c. 387; Haven v. Railroad, 155 Mo. 216, l. c. 232; Kuenzel v. Stevens, 155 Mo. l. c. 285; Grace v. Railroad, 156 Mo. l. c. 301; Graney v. Railroad, 157 Mo. l. c. 678; Coleman v. Cole, 158 Mo. l. c. 260; Roberts v. Tel. Co., 166 Mo. l. c. 385; Herndon v. Lewis, 175 Mo. l. c. 125; Emmons v. Quade 176 Mo. l. c. 29; Ottomeyer v. Pritchett, 178 Mo. l. c. 165; Warner v. Railroad, 178 Mo. l. c. 129.]

The defendant admits the existence of the general rule, but claims that the trial court acted arbitrarily in this instance, and hence this court should review his ruling, because in such instance the trial judge did not exercise a judicial discretion. This contention finds apparent, but not real, support in Haven v. Railroad, 155 Mo. l. c. 232, where it was said: "The judgment of the circuit court is affirmed on the sole ground that in granting the plaintiff a new trial that court exercised a dis-

cretion which is vested in it, and which this court will not review except when arbitrarily exercised, which can not fairly be said to be true in this case.''

What was there meant by the discretion being arbitrarily exercised, was, that there must be no substantial evidence to base such a ruling upon or that the case was such that no verdict in favor of the party to whom the new trial was granted could ever be allowed to stand. Or, otherwise stated, that there was no legal basis for such a ruling.

The reason underlying the rule has been heretofore pointed out to be, that, this court will not weigh conflicting evidence, in actions at law, and that the trial judge has a discretion to grant one new trial in any case legally made out, and this court will not interfere except in the cases stated.

It only remains to apply the rule to the case at bar. The plaintiff's evidence tends to show that when the car was approaching Jefferson avenue, going east, one of her companions signalled to stop, and that the car did stop on the east side of Jefferson avenue, and while plaintiff was in the act of getting off of the car, and had stepped down on to the running board on the side of the car, the conductor gave the motorman a signal to go ahead, and the car was started, and she was thrown to the street and injured.

The defendant's evidence tends to show that before the car reached the east side of Jefferson avenue, and while it was still in motion, the plaintiff attempted to get off of the car and was thrown down and injured.

Both sides claim that the physical facts sustain their theory, and both sides claim that the great preponderance of the evidence is in their favor. This clearly brings this case within the rule of law above stated. The jury believed the defendant's witnesses. The court disagreed with the jury and, believing the plaintiff's witnesses, granted a new trial. There was substantial evidence to support both theories. If the plaintiff's

theory of the case is true, a verdict in her favor would have a legal basis to rest upon. Under such circumstances the action of the trial court in this case was within the rule.

It is claimed, however, that during the progress of the trial, the judge cross-examined some of defendant's witnesses very severely, and thereby discredited them before the jury, and that this shows that he was prejudiced in favor of the plaintiff, and hence he acted arbitrarily in granting the plaintiff a new trial.

There is no necessary or logical connection between the act of the judge in cross-examining the defendant's witnesses and his act in granting the plaintiff a new trial. The judge had a right to do both of said acts, or to do either, without doing the other. Either or both might afford ground for the belief that he was a prejudiced in favor of the plaintiff, but the law affords another remedy against the prejudice of the judge. The verdict of the jury shows that the cross-examination of the defendant's witnesses by the judge did not materially or injuriously affect the defendant's case before the jury. But if it should be conceded that the judge was severe in his cross-examination of the defendant's witnesses, and if it be conceded that the judge believed the plaintiff was entitled to recover, and hence granted her a new trial, it would afford no ground for this court to interfere in this case, for there was substantial evidence to support the plaintiff's case, therefore, a verdict in her favor would rest upon a legal basis, and hence it was within the discretionary power of the trial judge to grant her a new trial.

The judgment is affirmed on the sole ground that the trial court had a discretion in granting the new trial, and under the rule stated, this court will not interfere.

All concur.