Elaine KLENKE, Appellant,

v.

JACK COOPER TRANSPORT CO., Inc., a Corporation, and Associated Transports, Inc., Respondents.

No. 46999.

Supreme Court of Missouri,

Division No. 1.

July 13, 1959.

As Modified on Court's Own Motion Sept. 14, 1959.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 14, 1959.

Edward F. Aylward, Robert A. Meyers, Kansas City, John J. Cosgrove, Kansas City, of counsel, for appellant.

James H. Ottman, Kansas City, Sebree, Shook, Hardy & Ottman, Kansas City, of counsel, for respondent, Jack Cooper Transport Co., Inc.

Ike Skelton, Lexington, Skelton & Bradley, Lexington, of counsel, for respondents.

COIL, Commissioner.

About 8 p. m. on December 27, 1954, an automobile transport unit owned and operated by Associated Transports, Inc., was proceeding eastwardly across a viaduct which spanned the Santa Fe Railway tracks near Lebo, Kansas. The concrete surface of the 754'-long viaduct was covered with ice. Approximately 475 feet from its west end there was a point (a crest) which was somewhat higher than the roadway at either end. The Associated unit's steering mechanism was damaged when it was struck by a westbound automobile causing the transport to block the eastbound traffic lane at the east end of the viaduct. Sometime thereafter an automobile transport, owned and operated by Jack Cooper Transport Co., Inc., also traveling eastwardly on the viaduct, came to a stop at the rear of the Associated vehicle. Sometime thereafter plaintiff, driving an automobile owned by her front-seat passenger, collided with the rear of the Cooper transport and thereafter head on with a westbound automobile.

It was plaintiff's theory that defendant Cooper was negligent because the lights required by Kansas law were not burning on the rear of its stationary vehicle, and that defendant Associated was negligent for failure to have warned that it was blocking the traffic lane by means of fusees or flares.

The limited nature of the question presented on this appeal makes it unnecessary to state the evidence in detail. Suffice to say that while there was abundant evidence adduced by defendants as to timely and adequate warning by flares and as to the display of the required lights on the Cooper vehicle, there is no present contention that plaintiff's evidence was insufficient to support the submission as to each defendant.

The jury returned a verdict for plaintiff and against defendant Associated in the sum of $20,400 and a verdict in favor of defendant Cooper. Associated's motion for a new trial was sustained for the stated reason that "the verdict of the jury, find-ing against this defendant and in favor of the other defendant, is inconsistent in and of itself under the instructions of the court," and plaintiff's motion for a new trial as to defendant Cooper was overruled. Plaintiff has appealed from the trial court's order sustaining Associated's new-trial motion and from defendant Cooper's judgment.

■ Defendants have filed a motion to dismiss the appeal on the ground that plaintiff's brief violates Supreme Court Rule 1.08, 42 V.A.M.S., in that it does not contain a fair and concise statement of facts without argument. Our conclusion is that due to the limited nature of the matter presented on appeal, as will hereinafter appear, that motion should be and is hereby overruled.

Plaintiff's motion to disregard portions of defendant Associated's brief on the ground that it violates Supreme Court Rule 1.08 for the reason, inter alia, that instructions discussed are not set forth, is overruled.

The sole question as to Associated is whether the trial court erred in sustaining its motion for new trial on the stated ground; Associated does not contend that it was entitled to a new trial for any other reason. To demonstrate our view as to that single question, it is desirable to set forth some of the instructions and parts of others.

Plaintiff's instruction 1 told the jury that the law of Kansas required Cooper to have three red lights in a horizontal line displayed near the top of the rear of its vehicle and visible from a distance of 500 feet to the rear, and that if the jury found that the vehicle did not have those lights displayed it must find Cooper negligent. The instruction then proceeded, "and if you further find that as a direct result of such negligence the plaintiff, while in the exercise of ordinary care, was caused to collide with said Jack Cooper truck and a westbound automobile, and as a direct

result thereof plaintiff was injured, then your verdict must be for the plaintiff and against the defendant Jack Cooper Transport Company, Incorporated."

Instruction 2 authorized plaintiff to recover against defendant Associated if the jury found that that defendant negligently failed to set out flares or lights to warn motorists of the danger of a collision on the overpass and that such negligence was a proximate cause of plaintiff's collision with the Cooper transport.

Defendants' instruction 8 authorized the jury to find that if plaintiff failed to drive at a rate of speed that would enable her to stop within her actual range of vision, then her negligence in that respect, if a proximate cause of her injury and damage, precluded recovery.

Defendants' instruction 13 directed verdicts for both defendants if the jury found that at the time plaintiff approached the overpass "there was a lighted fusee or flare burning and visible at a point just beyond the west end of said overpass."

Defendants' instruction 14 was: "The Court instructs you that if you find and believe from the evidence that as plaintiff neared and traveled over and upon the overpass mentioned in evidence there were at all times a cluster of three lighted red tail lights, and two other red tail lights, one on each side of said cluster of three, if so, all located on the rear and in the position mentioned in evidence on the Jack Cooper truck toward which plaintiff was traveling, and if you further find that said lighted red lights, if so, could be seen from a distance of 500 feet to the rear of said truck, then you are instructed that your verdict must be in favor of the defendants."

Inasmuch as it is our view that the verdict of the jury was not inconsistent under the instructions given, we do not reach the question (briefed by the parties) whether, and if so under what circumstances, a joint tort feasor whose liability is joint and several may obtain relief against a verdict finding him liable because of his concurrent negligence and exonerating an alleged joint tort feasor, on the ground that the verdict is inconsistent. See, however, 89 C.J.S. Trial § 500, pp. 167, 168; Dennis v. Creek, Mo.App., 211 S.W.2d 59, 64 [8]; McGuire v. Southwestern Greyhound Lines, Inc., Mo.App., 291 S.W.2d 621, 623 [3, 4]; Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316.

■ Under instruction 1 plaintiff was authorized to recover against Cooper if the jury found that Cooper failed to display the required lights *and* that such failure was a proximate cause of plaintiff's injury, and, by instruction 2, against Associated if the jury found that Associated negligently failed to warn by flares and that such negligence was a proximate cause of plaintiff's injury. Certainly there was nothing inconsistent in those recovery theories, and there is no contention here that the instructions submitting those theories were not based upon the evidence or were not proper as to substance and form.

■ It is Associated's primary position that because defendants' instruction 14 directed verdicts for both defendants if the jury found that the Cooper truck displayed the required lights, and because instruction 1 authorized a plaintiff's verdict if the jury found Cooper did not display the required lights, it therefore follows that the jury's finding for Cooper conclusively demonstrated that it found that Cooper did display the required lights and consequently the jury, to avoid inconsistency, had to return verdicts for both defendants under instruction 14. The fallacy of that position is that it fails to recognize that instruction 1 did not authorize a plaintiff's verdict upon the sole finding that Cooper did not display the required lights but required the *additional* finding that such failure was a proximate cause of plaintiff's injury. Clearly, then, the jury could have found for defendant Cooper under instruction 1 by finding that Cooper had not displayed the

required lights but that such failure was not a proximate cause of the collision, and, if so, a finding for Cooper under instruction 1 would not be inconsistent with, but on the contrary would be consistent with, the jury's failure to find for both defendants under instruction 14.

Defendant Associated's corollary contentions that the finding for defendant Cooper demonstrated that plaintiff had violated the "Kansas Clear Vision Rule" and thus both defendants were entitled to a verdict under their contributory negligence instruction 8, and that the jury's finding for defendant Cooper was tantamount to a finding that flares had been placed at the west end of the overpass, are without merit. It is apparent that the jury properly could find for defendant Cooper under instruction 1 by finding that its failure to display the required lights was not a proximate cause consistently with its findings for plaintiff under defendants' contributory negligence instruction 8 and defendants' instruction 13 pertaining to the question of the presence of flares west of the overpass.

■ We again make clear that no question is before us as to the correctness of any instruction. We assume, as we must, that all instructions given were correct in form and substance and therefore that the jury properly could have found, and did find, that Cooper's failure to display the required lights was not a proximate concurring cause.

Plaintiff asserts in her argument that if her verdict is reinstated against Associated she does not desire a new trial as to defendant Cooper. In view thereof and inasmuch as defendant Associated does not contend that Cooper's judgment should be disturbed, we shall not rule plaintiff's alternative contention that she is entitled to a new trial against Cooper.

It follows that the judgment for Jack Cooper Transport Co., Inc., a corporation, is affirmed and the order of the trial court sustaining Associated's motion for new trial is reversed, and the case is remanded with directions to reinstate plaintiff's verdict and judgment against defendant Associated Transports, Inc.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.