**Dean LUPKEY, Plaintiff-Appellant,**

v.

**William H. WELDON, News Tribune Company, a Corporation, and Jefferson Television Company, a Corporation, Defendants-Respondents.**

**No. 51811.**

Supreme Court of Missouri,
En Banc.

Sept. 11, 1967.

Rehearing Denied Oct. 9, 1967.

Robert Kingsland, Cullen Coil, Jefferson City, for appellant, Carson, Inglish, Monaco & Coil, Jefferson City, of counsel.

Lon Hocker, St. Louis, for respondents, Hocker, Goodwin & MacGreevy, St. Louis, of counsel.

DONNELLY, Judge.

This is a libel action. Plaintiff had a jury verdict of $1,000 actual damages and $50,000 punitive damages. The trial court granted defendants a new trial on the sole ground that the verdict was "against the weight of the evidence." Plaintiff appealed.

Plaintiff concedes that a new trial may be granted in a libel action on the ground that the verdict was against the weight of the evidence. 53 C.J.S. Libel and Slander § 234, p. 359; Johnson v. Scribner, 6 Conn. 185. A trial court may grant a new trial in a libel action on a recognized legal ground. Cook v. Globe Printing Co., 227 Mo. 471, 127 S.W. 332. A recognized legal ground is that the verdict is against the weight of the evidence. Section 510.330 RSMo 1959, V.A.M.S.; Supreme Court Rule 78.01, V.A.M.R.

Plaintiff contends there was no substantial evidence to have supported a verdict for defendants and, therefore, that the trial court erred in granting a new trial on the ground the verdict was against the weight of the evidence. He asserts the editorial complained of is libelous per se; that, therefore, the only defense is truth; that there was no evidence to support said defense; and, therefore, that there was no evidence to weigh.

Plaintiff relies upon a rule of law stated in Castorina v. Herrmann, 340 Mo. 1026, 1032, 104 S.W.2d 297, 300, as follows: "* * * To grant a new trial, on the ground that the finding was against the weight of the evidence, would be arbitrary if there was no evidence to weigh. Therefore, on appeal from such an order based on that ground, the appellate court will determine whether or not there was sufficient substantial evidence to sustain a verdict for

the party to whom the new trial was granted. * * *."

■ The question for determination is whether this rule of law is available to plaintiff in a libel action when there is a verdict for plaintiff and defendants are granted a new trial on the ground the verdict is against the weight of the evidence. We are of the opinion it is not.

In interpreting the Castorina statement, we must view it as but an application of the rule of law that we will overturn an order granting a new trial on the ground the verdict was against the weight of the evidence only in cases where no verdict in favor of the party at whose instance the new trial was granted "could ever be permitted to stand." Haven v. Missouri Railroad Company, 155 Mo. 216, 230, 55 S.W. 1035, 1039.

■ The essential question is whether, in a given case, the appellate court must declare as a matter of law that the trial court should have directed a verdict against the party at whose instance the new trial was granted. Or, to state it in a different way, the question is whether, in this case, we must declare that the trial court should have directed a verdict for plaintiff. We cannot do this in a libel action.

Article I, Section 8 of the Missouri Constitution, V.A.M.S., provides in part that "in suits and prosecutions for libel the jury, under the direction of the court, shall determine the law and the facts." This provision has been interpreted to mean that the court may not direct a verdict for a plaintiff in a libel case. In this respect libel cases differ from other cases. Heller v. Pulitzer Pub. Co., 153 Mo. 205, 212, 213, 214, 54 S.W. 457, 458, 459; Diener v. Star-Chronical Pub. Co., 230 Mo. 613, 132 S.W. 1143, 33 L.R.A.,N.S., 216. In Ukman v. Daily Record Co., 189 Mo. 378, 390, 88 S.W. 60, 64, the Court stated:

"Libel cases are sui generis, in that the gist of Fox's Libel Act, imbedded in our Constitution, section 14, art. 2, Bill of Rights, leaves to the jury the issue of libel or no libel; and from this certain peculiar results logically flow and are recognized by the courts, to wit, that a defendant in a libel suit has two strings to his bow, the one the jury and the other the court, whereas the plaintiff has but one, and, if he succeed, must win a verdict from the jury. Stated in a different way, if the defendant can get either the court or the jury to be in his favor, he succeeds, while the prosecutor or plaintiff cannot succeed unless he gets both the court and the jury to decide for him. From this condition of things it further follows that the court may direct a nonsuit, but cannot coerce a verdict for plaintiff. * * *."

■ This Court has consistently declined to weigh evidence on appeal when the trial court granted a new trial on the ground the jury verdict is against the weight of the evidence. See Clark v. Quality Dairy Co., Mo.Sup., 400 S.W.2d 78, for a review of our judicial history in this regard. As stated in the Clark case, weighing evidence involves a qualitative analysis as well as a quantitative analysis. We have long recognized the superior ability of a trial court to perform this function, and we will not substitute our judgment for that of the trial court when it grants a new trial on the ground the jury verdict is against the weight of the evidence.

■ We cannot hold as a matter of law that a jury verdict for defendants could not have been permitted to stand. We will not overturn the order of the trial court granting a new trial.

■ Plaintiff asserts that when the trial court submitted the facts to the jury, and denied defendants' contention that defendants should prevail as a matter of law, the trial court divested itself of the power to grant a new trial on the ground the jury verdict was against the weight of the evidence. We do not agree. State ex rel. State Highway Commission v. Belvidere Development Company, Mo.Sup., 315 S.W. 2d 781, 785.

The order granting a new trial is affirmed.

HOLMAN, C. J., and HENLEY, FINCH and EAGER, JJ., concur.

SEILER, J., concurs in result in separate concurring opinion filed.

STORCKMAN, J., dissents in dissenting opinion filed.

## Concurring Opinion

SEILER, Judge.

I concur in the result reached in the opinion written by Judge Donnelly, but would rest the decision on a somewhat different basis. I do not believe that we review a libel case where a new trial has been granted on the ground the verdict is against the weight of the evidence any differently than we do any other damage suit, nor do I believe our review turns on the fact the trial court cannot direct a verdict for a plaintiff in a libel suit. It seems to me that the language in the Castorina opinion (in Castorina the plaintiff had been granted a new trial), relied upon by plaintiff and set out in Judge Donnelly's opinion, must be taken as referring to what the appellate court does when considering the situation where *plaintiff* has been granted a new trial *on the weight of the evidence*, which is not this case. The Castorina language relied upon by plaintiff does not apply where *defendant* gets the new trial on the weight of the evidence (and I do not think this is limited to libel cases). This is the flaw in plaintiff's argument that since there was no substantial evidence to have supported a verdict for defendants, the trial court erred in granting defendants a new trial on the ground the verdict was against the weight of the evidence.

When a defendant is granted a new trial on such ground in a case where plaintiff's claim is denied by the answer and there is oral evidence on the part of plaintiff on which the jury must pass as to credibility and where the plaintiff must face the risk of non-persuasion of the jury (as here where plaintiff put on six members of the city council, the mayor, the city clerk, four witnesses as to good reputation, the deposition of the lawyer advising plaintiff at the time, and plaintiff himself and wife), the test quoted from Castorina does not fit, because a verdict for a defendant can stand even without any substantial evidence in favor of the defendant, Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558; Holtzman v. Holtzman (Mo.App.) 278 S.W.2d 1; Rodgers v. Seidlitz Paint and Varnish Co. (Mo.Sup.) 404 S.W.2d 191; Fitch v. Star-Times Pub. Co. (Mo.Sup.) 263 S.W.2d 32.

We have no way of knowing why the trial court concluded the verdict for plaintiff was against the weight of the evidence. It may have been for some matter known to the court in witnessing and presiding over the trial and which does not and cannot appear in the record. His action in awarding defendants one new trial on the ground stated does not have to be supported by substantial evidence in the record on which the jury could have returned a verdict for the defendants. In effect, under the Missouri practice, when it comes to granting a new trial for the defendant on such ground, the trial court is not limited to a situation where, upon looking back, it can be said there was substantial evidence in the record to have supported a verdict for defendant originally, any more than a jury, under Cluck v. Abe, supra, is limited to returning a verdict for the defendant only where there is substantial evidence in favor of the defendant.

## Dissenting Opinion

STORCKMAN, Judge.

The majority opinion seems to be dominated by the mistaken concept that constitutional provisions pertaining to libel actions limit an appellate court's review of rulings of the trial court. The libel act

constitutes the jury the adjudicator of the law and the facts in a libel action; consequently, the trial court (as well as the appellate court) cannot direct a verdict in favor of the plaintiff.

Logically it might be contended that once the jury has exercised its prerogative to determine the issue of libel vel non the court could not disturb the finding, but the case law seems to be that except for directing a verdict in favor of the plaintiff the trial court can proceed as in other civil cases including granting a new trial on the ground the verdict is against the weight of the evidence. Cook v. Globe Printing Company, 227 Mo. 471, 127 S.W. 332, 352–353 [20]; Duncan v. Williams, 107 Mo.App. 539, 81 S.W. 1175, 1176; McCloskey v. Pulitzer Publishing Co., 163 Mo. 22, 63 S.W. 99, 101 [5]. Quite illogically, it seems to me, the majority opinion holds that, while the trial court has this latitude, the appellate court is more restricted in its review of what the trial court has done than in other civil cases. I submit the constitutional provisions do not so limit the appellate courts, and there is no basis in law or logic for the restrictions and departure from the usual appellate practice.

The principal fault I find with the majority opinion is its holding that a grant of a new trial by the trial court on the ground that the verdict is against the weight of the evidence cannot be disturbed by an appellate court unless it appears from the record that "no verdict in favor of the party at whose instance the new trial was granted 'could ever be permitted to stand.' Haven v. Missouri Railroad Company, 155 Mo. 216, 230, 55 S.W. 1035, 1039." As I view it, this is a holding that the appellate court can give no relief in such a situation unless the party seeking to have the verdict reinstated is entitled to a *directed verdict* as a matter of law. This holding is designed to avoid the operation of the rule stated in Castorina v. Herrmann, 340 Mo. 1026, 1032, 104 S.W.2d 297, 300, that the grant of a new trial on the ground the verdict was against the weight of the

evidence would be arbitrary if there was no evidence to weigh and in such cases the appellate court will determine whether or not there was substantial evidence to sustain a verdict for the party to whom the new trial was granted. In so holding, the majority opinion fails to accord to the Haven decision its full import and, by relying on a statement out of context, gratuitously unsettles well-established and sound principles of law. A careful examination of the Haven case discloses that it does not limit the Castorina decision, but, on the contrary, is in accord with it.

In the Haven case the plaintiff sustained serious injuries while alighting from defendant's cable car. The jury found in her favor, but only awarded her nominal damages of one cent. The trial court granted plaintiff a new trial "for the reason that the jury, having found that the plaintiff was entitled to recover, disregarded the court's instructions as to the measure of damages, and have shrunk from deciding the issues submitted to them." From the order granting the plaintiff a new trial the defendant appealed. That is the converse of this case. The plaintiff Haven and a bystander outside the cable car testified the car started suddenly while she was in the act of alighting, but plaintiff's testimony was weakened considerably on cross-examination. On behalf of the defendant, several passengers testified positively that the plaintiff, without signalling, undertook to alight while the car was in motion. The supreme court construed the then new statutory amendments authorizing an appeal from an order granting a new trial and held the scope of review was the same as had previously applied to appeals from final judgments. It held that in spite of the apparent preponderence of the evidence in favor of the defendant, the testimony of the plaintiff "in a very lame way, and her witness Siegel, in a positive way" constituted "some substantial testimony which will take the case to the jury * * * as distinguished from a mere shadow or scintilla of testimony which

would not entitle ·her to go to the jury * * *." 55 S.W. 1039. At page 1040 of 55 S.W., the court stated it would not interfere in case of the grant of a new trial on the ground the verdict was against the weight of the evidence "unless the action of the trial court was purely arbitrary." On the same page is the court's statement of the two applicable rules of law: "Regarded as a verdict in effect for the defendant, the trial court had a right to grant the plaintiff a new trial, because that court believed the verdict was against the weight of the evidence (which was one of the grounds for new trial assigned), and this court, although disagreeing with that opinion, has no right to interfere. *Neither can this be regarded as a case where, conceding all the plaintiff says and shows, a verdict for the plaintiff could not stand;* for, as herein shown, if the plaintiff's testimony and that of her witness Siegel be true, that constitutes *some testimony* upon which the verdict could rest, and, as this court will not weigh conflicting testimony, we could not set aside such a verdict, if the trial court refused to do so." Italics added.

Because of the construction of the new statutory provisions and the review of numerous decisions, the Haven opinion is rather tedious reading. Any doubt as to its meaning, however, is resolved in Fitzjohn v. St. Louis Transit Co., 183 Mo. 74, 81 S.W. 907, decided four years after Haven and which involved almost identical facts. Both opinions were written by Judge Marshall. The Fitzjohn opinion restates the import of the Haven decision as follows (81 S.W. at page 908): "The law applicable to cases of this character is now well settled. The trial court has a discretion to grant one new trial, and this court will not interfere with its exercise of that discretion, however much it may disagree with that court upon such a ruling, *where there is any substantial evidence to support it, unless the case is such that no verdict in favor of the party to whom the new trial is granted could ever be allowed*

*to stand.* [citing cases.] The defendant admits the existence of the general rule, but claims that the trial court acted arbitrarily in this instance, and hence this court should review his ruling, because in such instance the trial judge did not exercise a judicial discretion. This contention finds apparent, but not real, support in Haven v. [Missouri] Railroad [Company,] 155 Mo., loc. cit. 232, 55 S.W. 1035, where it was said: 'The judgment of the circuit court is affirmed on the sole ground that in granting the plaintiff a new trial that court exercised a discretion, which is vested in it, and which this court will not review except when arbitrarily exercised, which cannot fairly be said to be true in this case.' *What was there meant by the discretion being arbitrarily exercised was that there must be no substantial evidence to base such a ruling upon, or that the case was such that no verdict in favor of the party to whom the new trial was granted could ever be allowed to stand, or, otherwise stated, that there was no legal basis for such a ruling.* The reason underlying the rule has been heretofore pointed out to be that this court will not weigh conflicting evidence in actions at law, and that the trial judge has a discretion to grant one new trial in any case legally made out, and this court will not interfere except in the cases stated." Italics added.

Thus we see that the Haven case does not limit the scope of appellate review to situations where a verdict could never be permitted to stand in favor of the party to whom the new trial was granted. The decision recognizes as well the right of the appellate court to determine if there was substantial evidence on which to base the ruling; that is what the majority opinion overlooks and ignores. Recent cases holding that the reviewing court will endeavor to ascertain if there is sufficient substantial evidence to sustain a verdict for the party to whom the new trial was granted are Evans v. Landolt, Mo., 389 S.W.2d 15, 16 [2], State ex rel. State Highway Commission v. Belvidere Develop-

ment Co., Mo., 315 S.W.2d 781, 785 [8], and Williams v. Cass, Mo.App., 372 S.W. 2d 156, 158 [3], and cases therein cited. Among the cases in which the evidence was held not to be substantial and sufficient are Graves v. Atchison, T. & S. F. Ry. Co., 360 Mo. 167, 227 S.W.2d 660, 662 [4], Rose v. Thompson, 346 Mo. 395, 141 S.W. 2d 824, 830 [8], and Goodwin v. Winston, 241 Mo.App. 357, 230 S.W.2d 793, 798 [7]. In these cases the order granting the new trial was reversed and the cause was remanded with directions to reinstate the verdict and judgment.

The plaintiff on this appeal urges the proposition that there was no substantial evidence to weigh because his case was made by introducing the libelous statement, the publication of which was admitted, that by granting a new trial on the specified ground of weight of the evidence all other grounds involving oral evidence such as excessiveness of damages were denied, and that there was no substantial evidence to support the pleaded defense that the publication was true. I express no opinion on the plaintiff's contention. My objection to the majority opinion is that it does not examine the transcript to discover if there is any substantial evidence for the trial court to weigh and in effect denies the existence of the rule which authorizes the appellate court to make such inquiry.

Furthermore, the defendant contends on this appeal that the action of the trial court in ordering a new trial should be sustained because the publication was not libelous as a matter of law. The plaintiff replies, inter alia, that the point is not preserved for review because no such ground was specified in the motion for new trial. If the question is properly before us and is meritorious, the determination of the issue would dispose of the appeal because the plaintiff, not having been libeled, would not be entitled to recover in any event. Again I express no opinion on the issue, but it does appear that the question should be examined and decided. The court made such a determination in Coots v. Payton,

365 Mo. 180, 280 S.W.2d 47, and remanded the cause for a trial of the counts found to be libelous. Also in Cook v. Globe Printing Co., 227 Mo. 471, 127 S.W. 332, 348 [10], this court reviewed the publication and held it was libelous without a colloquium both under the statute and at common law as has been done in numerous other libel actions.

If as the plaintiff contends there was no substantial evidence on any material issue for the trial court to weigh, an appellate court can make that determination and review any documentary evidence on an equal footing with the trial court. The deference usually accorded the determination of a factual issue by a trial court, because of its better position to judge the credibility of witnesses appearing before it, is not applicable to cases submitted on documentary proof, such as exhibits and depositions. Giokaris v. Kincaid, Mo., 331 S.W.2d 633, 635 [1], 86 A.L.R.2d 925. This is in accord with the general rule that the force and effect of written documents introduced in evidence is a question for the court and not for the jury at least in the first instance and that in construing such documents the rule of deference to the trial court's finding does not apply on appeal. Gruenewaelder v. Wintermann, Mo., 360 S.W.2d 678, 686 [1]; State ex rel. Bowdon v. Allen, 337 Mo. 260, 85 S.W. 2d 63, 67 [4]; Foristel v. Security National Bank, Savings & Trust Co., 320 Mo. 436, 7 S.W.2d 997, 998 [2]; Roach-Manigan Paving Co. v. Southwestern Surety Ins. Co., Mo., 238 S.W. 119, 121[3].

I agree with the holding of the majority opinion that a verdict may not be directed for the plaintiff in an action for libel because of the constitutional provision which vests the jury with the authority to determine the law and the facts. Art. 1, § 8, of the Constitution. For a reason the same in principle, the court is seldom justified in directing a verdict in favor of a party having the burden of proof where the case depends on oral testimony as in a damage suit because it is the function of the jury

to determine the credibility of all oral evidence and the jury may find against a party on his own uncontradicted and unimpeached oral evidence. Robbins v. Robbins, Mo., 328 S.W.2d 552, 555 [1]; Beezley v. Spiva, Mo., 313 S.W.2d 691, 695 [6, 7]; Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 559 [3]. There are many cases besides libel actions where the courts must defer to the jury and cannot direct a verdict against the defendant, but in case of a plaintiff's verdict the trial court can grant the defendant a new trial on the ground the verdict is against the weight of the evidence, and on appeal the plaintiff is entitled to urge and the appellate court to hold that the order granting the new trial was arbitrary, an abuse of discretion and without legal authority. The law is no more compelling in a libel action.

So far, we have undertaken to demonstrate that the majority opinion is fallacious in holding that cases such as Haven and Castorina should be construed to limit the scope of review by appellate courts so that orders granting new trials on the ground the verdict was against the weight of the evidence could be disturbed only when no verdict in favor of the party at whose instance the new trial is granted could ever be permitted to stand. Verdicts may be directed on numerous grounds other than failure of proof such as the bar of the statute of limitations or, in an action for libel, by a holding as a matter of law that the publication is not libelous. An appellate review limited solely to the right to direct a verdict is not the proper standard. The decisions relied on in the opinion as well as others establish that the scope of appellate review extends also to an examination of the transcript to determine if there is substantial evidence to weigh on any relevant and material issue. We have also sought to show that this court should determine whether the publication is libelous if that question is before the court.

I further disagree with the apparent holding of the majority opinion that different standards apply in libel actions to the granting of new trials on the ground in question as well as the review of such orders because the libel law prevents the court from directing a verdict in favor of the plaintiff. I agree with this statement of Judge Seiler's opinion concurring in the result: "I do not believe that we review a libel case where a new trial has been granted on the ground the verdict is against the weight of the evidence any differently than we do any other damage suit, nor do I believe our review turns on the fact the trial court cannot direct a verdict for a plaintiff in a libel suit."

The majority opinion begins with the statement that a trial court "may grant a new trial in a libel action on a recognized legal ground" citing Cook v. Globe Printing Company and follows with the assertion that granting a new trial because the verdict is against the weight of the evidence is a recognized legal ground. With all of this I agree as a general proposition. And from it I would assume that the scope of appellate review is the same as in any other civil action consistent with the rule of libel law, applicable alike to trial and appellate courts, that the court cannot direct a verdict in favor of the plaintiff. But somewhere along the line the scope of review is narrowed and limited by the majority opinion solely on the authority of cases other than libel actions, principally the Haven case which was a damage suit.

It should be noted that this apparently will be the first reported case dealing with the review of an order granting a new trial in a *libel* action on the ground the verdict was against the weight of the evidence. The majority opinion states that the plaintiff "concedes" that a new trial may be granted in a *libel* action on the ground that the verdict was against the weight of the evidence, citing 53 C.J.S. Libel and Slander § 234, p. 359, and Johnson v. Scribner, 6 Conn. 185. A concession may be helpful in limiting the scope of review in a particular case, but it should not be the basis of establishing a general rule for all

cases. The C.J.S. text refers to "defamation" rather than libel and the only two decisions in support of it are slander cases. One is Johnson v. Scribner, 6 Conn. 185, a slander case in which the words alleged to have been spoken by the defendant charged the plaintiff with being a murderer. The verdict was for the defendant and the *plaintiff* was granted a new trial on the ground that the verdict was against the weight of the evidence. The order granting a new trial was affirmed. The other is Cheadle v. Buell, 6 Ohio 67, also a slander case charging the unlawful taking of money, which resulted in a verdict for the plaintiff and the *defendant* was granted a new trial on the ground the verdict was against the weight of the evidence. These decisions did not indicate that the rules applied on review were different than in an ordinary civil action.

It should also be kept in mind that § 8 of Art. 1 of our Constitution provides that in suits "for *libel or slander* the truth thereof may be given in evidence", but the provision that "the jury, under the direction of the court, shall determine the law and the facts" applies only to *libel* cases. Italics in quotation added. In Clark v. Hatfield, 88 Ill. 440, 441, the general rule of that jurisdiction was stated to be that in penal actions, and in actions for a libel or defamation, and in other actions vindictive in their nature, a new trial will not be granted merely because the verdict is against the weight of the evidence. Neither of the cases cited in support of the C.J.S. article furnish any support for the rule of limited review announced for the first time in the majority opinion and such rule is contrary to the established rule in other civil cases. Cook v. Globe Printing Company (127 S.W. at page 352) and all other Missouri libel actions with which I am familiar lend support to the view that the grant of new trials in libel actions and the review of such orders should be the same as in the usual civil action. The majority opinion not only provides an improper rule for libel actions but also casts doubt upon the nature of review permitted in all civil actions where a new trial is granted on the ground that the verdict is against the weight of the evidence. This results from the construction placed on the Haven and Castorina cases.

The majority opinion avoids examining the oral testimony to determine if it is substantial and on material issues. The concurring opinion apparently finds there was substantial and material evidence and therefore is able to concur in the result. I express no opinion as to whether there is substantial and material evidence and whether the publication was libelous since the majority opinion does not go into those questions. I disagree with the majority opinion because it does not decide the issues presented and in failing to do so distorts sound and well-established rules of law.

Therefore, I respectfully dissent.