Charlotte **MARKMAN**, Respondent,

v.

**BI–STATE TRANSIT SYSTEM**, a Corporation, Appellant.

No. 54699.

Supreme Court of Missouri, Division No. 1.

July 13, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 14, 1970.

Rosecan & Popkin, Mortimer A. Rose-
can, Alan L. Popkin, St. Louis, for plain-
tiff-respondent.

George A. Adolf, St. Louis, for defend-
ant-appellant.

BARDGETT, Judge.

Action for damages in which plaintiff bus passenger sought to recover $35,000 for personal injuries against defendant carrier. Trial resulted in a jury verdict for defendant. Thereafter, the court sustained plaintiff's motion for new trial upon the ground that the verdict was against the greater weight of the evidence. Defendant has appealed from the order granting a new trial.

Respondent has moved this court, pursuant to Civil Rule 83.09, V.A.M.R., to dismiss this appeal for failure of appellant to set forth a "fair and concise statement of the facts * * * relevant to the questions presented for determination" as required by Civil Rule 83.05(c), V.A.M.R.

■ Instead of a statement of facts, appellant chose to set forth the substance of respondent's petition and the res ipsa loquitur instruction submitting respondent's case to the jury. We construe this choice of appellant as admitting, for the purpose of this appeal, that respondent proved all facts necessary to support a jury verdict in respondent's favor and that the case was properly submitted.

■ While respondent's motion to dismiss has some merit, our conclusion is that due to the limited nature of the points presented on appeal, as will hereinafter appear, that motion should be and is hereby overruled. Klenke v. Jack Cooper Transport Co., Mo., 327 S.W.2d 123, 125.

On January 12, 1968, respondent was a fare-paying passenger on appellant's bus and as she was moving to a seat the bus made a sudden and unusual stop causing respondent to fall to the floor and be injured. Appellant's evidence confirmed the sudden and unusual stop and the fall of respondent but tended to excuse the stop of the bus on the basis that an automobile suddenly turned in front of the bus and the stop was necessary to avoid a collision.

Instructions offered by appellant and given by the court conversed negligence and injury and submitted contributory negligence of respondent in failing to hold on to the poles in the bus.

Respondent submitted her case upon the res ipsa loquitur theory asserting that the bus made a sudden and unusual stop due to appellant's negligence. Appellant's principal point is that there is no "evidence of negligence" in a res ipsa loquitur case for the trial court to "weigh", but only "circumstances" from which the jury may infer negligence and, therefore, there being no "evidence" to weigh, the court abused its discretion in setting the jury verdict aside as being against the "weight" of the evidence.

Appellant does not contend here that it was entitled to a directed verdict or that a jury verdict for respondent would not have been authorized under the evidence.

■ The law is well settled that plaintiff bears the burden of proof and, at the outset, the burden of evidence in a res ipsa case is as in any other negligence case. McCloskey v. Koplar, 329 Mo. 527, 46 S. W.2d 557, 92 A.L.R. 641; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001. The burden of evidence is met when plaintiff has introduced sufficient evidence so as to have made a prima facie case.

■ We believe that the testimony of witnesses as to the facts, or as appellant puts it, the "circumstances", necessary to make a prima facie res ipsa case is obviously "evidence". In the instant case, respondent admittedly produced evidence of her status as a fare-paying passenger aboard common-carrier-appellant's bus; that the bus came to a sudden and unusual stop and that she was injured as a result thereof.

Although recognizing that the trial court has discretionary power to set aside a verdict as being against the weight of the evidence under Civil Rule 78.01, V.A.M.R., appellant asserts that this discretionary

power is not applicable to res ipsa cases. This assertion is based on appellant's contention that in a res ipsa loquitur case "there [is] no *evidence* pointing to any negligence, of defendant, but only *circumstances* * * * from which the jury could infer negligence." (Emphasis ours.) Appellant then argues that, there being no *evidence* of negligence in a res ipsa loquitur case, the court has nothing to weigh and therefore the court is without power to set aside a verdict as against the weight of that which is not there—evidence.

■ Thus, appellant seeks to have this court engraft an exception onto Civil Rule 78.01 and divest the trial court of the power to grant a new trial to plaintiff on the ground that the verdict is against the weight of the evidence, following a jury verdict for defendant in a res ipsa loquitur case and thereby, in this limited respect, isolate res ipsa loquitur cases from other negligence cases and the effect of Civil Rule 78.01, V.A.M.R. We decline to do so.

■ Respondent had the burden of producing evidence of facts and circumstances sufficient to authorize a jury's verdict in her favor under the res ipsa loquitur doctrine, and we hold that the trial court had the power to weigh such evidence, as well as all other evidence, in considering respondent's motion for new trial in this res ipsa loquitur case as in other negligence cases. Respondent made a submissible res ipsa loquitur case. The function of weighing the evidence is not engaged in by our appellate courts in review of a jury-tried action. Plas-Chem Corporation v. Solmica, Inc., Mo., 434 S.W.2d 522, 527; Cluck v. Abe, 328 Mo. 81, 40 S. W.2d 558, 560; Clark v. Quality Dairy Co., Mo., 400 S.W.2d 78; Fitzjohn v. St. Louis Transit Co., 183 Mo. 74, 81 S.W. 907. The point is ruled against appellant.

Appellant next contends that the action of the trial court in granting respondent a new trial was arbitrary in that the underlying reason or mental motivation for the trial court's grant of a new trial was bias

and prejudice against appellant. Appellant premises this assertion on the trial court's conduct in questioning witnesses and commenting about objections and evidence.

The jury verdict for appellant shows that the asserted conduct of the trial judge did not prejudice the appellant's case before the jury.

■■ The trial court does have the right to question witnesses. That right, however, can be abused. Assuming, arguendo, that the right was abused and the court improperly commented on evidence, nevertheless, it would afford no ground for this court to interfere with the order granting a new trial for the reason that there was substantial evidence to support respondent's case and consequently the order granting a new trial. A verdict in favor of respondent would have rested on a legal basis and, consequently, it was within the discretionary power of the trial judge to grant her a new trial. Fitzjohn v. St. Louis Transit Co., 183 Mo. 74, 81 S.W. 907; Civil Rule 78.01, V.A.M.R.

The judgment is affirmed.

All of the Judges concur.