**Antonio REYES and Maxine Reyes, Appellants,**

v.

**ST. LUKE'S HOSPITAL OF KANSAS CITY, Respondent.**

**No. WD 36993.**

Missouri Court of Appeals, Western District.

July 8, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied Oct. 14, 1986.

John A. Maichel, Kansas City, for appellants.

Robert A. Horn, Carol R. Gilham, (argued), Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

NUGENT, Presiding Judge.

After discovery of rodent droppings in his cooked cereal, plaintiff Antonio Reyes and his wife, Maxine Reyes, brought this action against St. Luke's Hospital of Kansas City, which had served Mr. Reyes the cereal on a breakfast tray while he was a patient there. The action was founded upon the theory of breach of the common law implied warranty of fitness of food for human consumption, and the jury rendered its verdicts in favor of Mr. Reyes and his wife for $35,000 and $9,000 respectively. The trial judge set aside both verdicts and granted the hospital a new trial on the ground that the verdicts were against the weight of the evidence. Plaintiffs now appeal that order asserting that the trial court erred in awarding a new trial because the record does not contain substantial evidence that would support a finding in favor of the defendant. We affirm.

1. Missouri Rules of Civil Procedure.

Ordinarily, a trial court has discretion to grant one new trial on the ground that the verdict is against the weight of the evidence where evidence exists to support a verdict for the party receiving the new trial. Rule 78.02;[1] *Wilson v. Missouri-Kansas-Texas Railroad Co.*, 595 S.W.2d 41, 46 (Mo.App.1980). But in application, the rule does not work the same for cases in which the new trial is granted to the defendant. *Lupkey v. Weldon*, 419 S.W.2d 91, 94 (Mo.1967) (en banc) (Seiler, J., concurring). Where the court grants a new trial to the defendant on the ground that the verdict was against the weight of the evidence, the appellate court need not determine whether the evidence was sufficient to support a verdict for the defendant because the defendant is not required to present evidence to weigh. *Phillips v. Phillips*, 443 S.W.2d 144, 146 (Mo. 1969) (en banc). As Judge Seiler wrote in *Lupkey:*

> Where a defendant is granted a new trial on such ground in a case where plaintiff's claim is denied by the answer and there is oral evidence on the part of plaintiff on which the jury must pass as to credibility and where the plaintiff must face the risk of non-persuasion of the jury ..., a verdict for a defendant can stand without any substantial evidence in favor of the defendant....

*Lupkey v. Weldon, supra,* at 94. *See also Breckle v. VanDyke Brewing Co.*, 483 S.W.2d 672, 673 (Mo.App.1972).

The trial court has the right and the duty to consider and weigh the evidence in light of its superior opportunity to hear and observe the witnesses and to give their testimony the weight and value it deserves. *Liberty Loan Corporation of Antioch v. Brown*, 493 S.W.2d 664, 666 (Mo.App.1973); *Mohesky v. City of Washington*, 432 S.W.2d 364, 366 (Mo.App.1968). Judge Seiler in *Lupkey* noted that the appellate court has no way of knowing why the trial judge concluded that the verdict for plaintiff was against the weight of the

evidence. As he wrote, the trial court may have granted the new trial for some matter known to the court that does not and cannot be reflected in the record. Appellate courts defer to the trial courts in these cases even though the appellate court in a particular case may believe that it would have reached the opposite conclusion. *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347, 349 (1950). The trial court's order granting a new trial is presumptively correct. *Kreutz v. Wolff,* 560 S.W.2d 271, 279 (Mo. App.1977).

The policy of leaving the weight of the evidence to the trial court "is founded upon the fundamental inappropriateness of appellate courts' endeavoring to weigh evidence ... [having] only the cold transcript before [them] which reveals very few of the numerous factors to be considered in weighing evidence." *Clark v. Quality Dairy Co.*, 400 S.W.2d 78 (Mo.1966) at 82. The court said there that "weighing evidence is not simply a matter of quantitative analysis, but is primarily a qualitative analysis ...," and the appellate court's "position is far inferior to that of the trial court in analyzing the quality of the evidence. Consequently, we must rely upon the trial court's proper exercise of the discretion entrusted to it in such matters." *Id; see also Liberty Loan Corporation of Antioch v. Brown, supra,* 493 S.W.2d at 666.

Here, the trial court's sole ground for granting defendant a new trial was that the verdict was against the weight of the evidence. Under Rule 78.02, the trial court has discretion to grant one new trial on that ground. We have no way of knowing why the trial judge thought that the verdicts in favor of plaintiffs were against the weight of the evidence. He did not say why, and the law does not require him to do so.

For the foregoing reasons we rely upon the trial court's having properly exercised its discretion and affirm the court's order granting a new trial.

All concur.